STATE OF NEVADA, RESPONDENT, v. THOMAS NAPPER, APPELLANT.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON. To constitute the crime of assault with a deadly weapon with intent to inflict a bodily injury, there must be an unlawful attempt with a weapon, deadly either in its nature or capable of being used in a deadly manner, to inflict a bodily injury, and with the present ability so to do.

ATTEMPTED ASSAULT WITH UNLOADED PISTOL. Where on a trial for assault with a deadly weapon with intent to inflict a bodily injury, it appeared that defendant, within shooting but not within striking distance, held a capped pistol in his hand, pointed it at the prosecutor, and attempted to discharge it: *Held*, that there could be no conviction without proof that the pistol was loaded.

A PISTOL NOT ALWAYS A DEADLY WEAPON. A pistol may be a deadly weapon under some circumstances without being loaded, but not so unless it can be used in some other deadly manner besides shooting.

NO PRESUMPTION OF LOADING OF PISTOL FROM ATTEMPTED USE. The fact that an attempt was made to use a pistol as if it were loaded is not of itself sufficient to warrant an inference that it was loaded.

ASSAULT—ABILITY AND INTENTION. To warrant a conviction for assault with a deadly weapon with intent to inflict a bodily injury, there must be a showing of both ability and intention to commit the offence.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

The difficulty out of which this prosecution arose occurred in the main street of the town of Eureka, in Lander County, on February 15th, 1870. On the morning of that day, defendant and George Lambert seem to have had some words. In the afternoon, Lambert was driving a mule team, when Napper and one " Buffalo Bill " approached, and the alleged assault took place. The defendant, having been convicted and a motion for a new trial denied, was sentenced to imprisonment at hard labor in the State Prison for the term of two years.

*Garber & Thornton*, for Appellant.

I. The instruction asked directing an acquittal should have been granted, for the reason that there was an entire failure to prove that the pistol was loaded—or was a " deadly weapon"—or that defendant had a " present ability " to commit a violent, or any injury.

The most the prosecution can claim to have proved is, that defendant, while standing at some distance from the prosecutor, and not intending or attempting to advance on him, or to strike him, cocked the pistol; that it was *capped*, and the defendant presented it at or towards the prosecutor, and acted as if he were trying to discharge it; but failed, either because it was not loaded, or because it was in such condition, or so defective, that it would not revolve or discharge. The burden of proof was on the State to make out beyond a reasonable doubt every element of the offense charged. (*State* v. *McCluer*, 5 Nev.; *People* v. *Vanard*, 6 Cal. 562; *People* v. *Jacobs*, 29 Cal. 579; *People* v. *Yslas*, 27 Cal. 633; Greenleaf Ev. § 82 and note 3; *People* v. *Davis*, 4 Parker Cr. R., 61; *O'Neary* v. *People*, Ibid, 187; *State* v. *Swails*, 8 Ind. 524; *Henry* v. *State*, 18 Ohio, 32; *R.* v. *Harris*, 5 Car. & Payne, 159; *Shaw* v. *State*, 18 Alabama, 547; *State* v. *Blackwell*, 9 Alabama, 79; *Mulligan* v. *People*, 5 Parker Cr. R., 105; *People* v. *Board*, 16 Abb. Pr. 337.)

II. The burden of proof being on the State, there was no necessity for defendant to introduce any evidence that the pistol was harmless. (*Commonwealth* v. *Hardiman*, 9 Gray, 136.) Proof that a pistol is capped is in no sense even *prima facie* proof that it is loaded: the fact of capping raises no sort of presumption of loading, certainly not one strong enough to overcome, beyond reasonable doubt, the presumption of innocence.

*Robert M. Clarke*, Attorney General, for Respondent.

I. Criminal intent is a fact for the jury, to be established like any other fact by proof positive, circumstantial or presumptive. It need not be " expressly " proved. (1 Wharton C. L., Secs. 631, 712; 8 Cal. 547.)

II. It is not the injury committed or crime perpetrated, but intended and attempted that the law punishes. In this case it was not necessary for the prosecution to prove the pistol loaded. It is sufficient if the pistol be drawn within shooting distance, accompanied by threats to shoot. (1 Wharton C. L., Sec. 1244; 1 Bishop C. L., Sec. 988; 2 Bishop C. L., Sec. 53; 8 Cal. 547; *The State v. Cherry*, 11 Iredell, 475; 5 Texas, 18; 2 Humph. 457.

State of Nevada *v.* Napper.

By the Court, WHITMAN, J. :

The indictment in this case was for " an assault with a deadly weapon, with an intent to commit murder." The defendant was convicted of " an assault with a deadly weapon with an intent to inflict a bodily injury " on the person of one George Lambert. The statute of this State defines an assault as " an unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another."

To constitute, then, the crime of which defendant was convicted, he must have made an unlawful attempt with a weapon deadly either in its nature, or capable of being used in a deadly manner, intending to inflict a bodily injury and with the present ability so to do. All these constituents of his crime must be established. That the pleader was aware of this fact appears from the indictment.

If in this indictment it was necessary to allege that the pistol was loaded with gunpowder and leaden bullets, which under the circumstances it was, or to aver what was tantamount, that it was a deadly weapon, then it became necessary to support the allegation by proofs. There was no proof that the pistol was loaded with anything. Lambert was not within striking distance of defendant, but was within shooting range. The pistol held in the hand of defendant, capped, pointed at Lambert, and attempted to be discharged, would not be a deadly weapon unless loaded with something capable of wounding when discharged. No presumption of such loading can arise under the statute. To so presume is to infer a present ability, which is matter of affirmative proof, and from such inference to draw another of intention, and thus reason in a circle saying : To constitute the crime, must appear—first, a deadly weapon ; second, the intention coupled with the ability to use it against the person of another. So the weapon is presumed to be deadly because defendant attempted to use it as if it was, and the intention and ability are both presumed from the attempt ; thus raising an inference upon an inference. There must be some primary proven fact to support any legitimate inference. In this case, the primary fact to be proven was the existence of a deadly weapon. A pistol may be a deadly weapon under some circumstances, without

being loaded with gunpowder and ball.   Under the circumstances of the present case it could not, so it was incumbent upon the prosecution to prove the fact.   (*State* v. *Swails*, 8 Ind. 524, and note ; Wharton Am.Crim. Law, Sec. 1280 ; *State* v. *Neal*, 37 Maine, 468.) The defendant asked the Court to instruct the jury " That unless the State has proven beyond a reasonable doubt that the pistol of Napper was loaded, and in such a condition that it was capable of being discharged, they must find defendant not guilty."   Certainly there could not have been both the ability and *intention* to assault unless the facts suggested in the instruction existed, and had been proven ; therefore the instruction should have been given, and the refusal was error, for which the judgment is reversed and the cause remanded.

LEWIS, C. J., did not participate in the foregoing decision. ·