## PRICE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 5, 1907.)

No. 1,429.

1. CRIMINAL LAW—PLEA OF FORMER ACQUITTAL.

The facts averred in a plea in bar *held* not to sustain the defense of former acquittal, where it did not appear that defendant was tried for the same offense or one included therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 668–671.]

2. Assault—Criminal Offenses—Assault with Dangerous Weapon.

  The mere pointing of an unloaded pistol at another does not constitute the crime of assault with a dangerous weapon.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assault and Battery, §§ 80, 81.]

3. Same—Criminal Assault—Pointing Pistol at Another.

  One who, within shooting distance of another, points at him a pistol apparently loaded, and believed to be loaded by the person at whom it is pointed, commits a criminal assault, although the pistol is not in fact loaded.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assault and Battery, §§ 80, 81.]

Appeal from United States Court for China, and Upon Return to Mandate of United States Circuit Court of Appeals.

Bert Schlesinger, for appellant.

Robert T. Devlin, U. S. Atty.

Before GILBERT, Circuit Judge, and DE HAVEN and HUNT, District Judges.

DE HAVEN, District Judge. The defendant was charged by information, filed in the United States Court for China, with the crime of assault with a dangerous weapon, was tried, convicted, and sentenced to imprisonment for the term of six months in the jail of the American Consul at Shanghai. The case is before us on an appeal by the defendant from this judgment.

1. The court did not err in overruling the defendant's "plea in bar," in which he alleged facts in support of a plea of former acquittal of the same offense by the United States Consular Court at Shanghai. In overruling this plea, the judge of the court below, said:

"From the allegation of the plea it is evident that the accused was not placed on trial on a valid information, since it appears that the information contained three distinct charges, in no one of which was defendant charged with assault.

"The Consul General has no jurisdiction of the offense charged in the information on which the accused is now on trial. If he had any jurisdiction at all, it was to hold a preliminary examination with view to holding the accused for trial by a higher court. It appears from the allegations of the complaint (plea in bar?) that the Consul General exercised only this jurisdiction. The proceedings before him, therefore, cannot be pleaded in bar to this action."

We cannot say from the record before us that the court erred in its construction of defendant's plea, and the exhibits attached thereto showing the proceedings before the Consul General at Shanghai. The allegation that, after hearing the testimony in the proceeding relied on as a bar, the Consular Court "dismissed all the charges against the defendant and discharged defendant therefrom, and at the same time served upon the defendant new charges," upon which he was held to answer before the United States Court for China, is not an averment that the defendant was in that proceeding tried upon the present charge, or of any offense included therein, and adjudged not guilty by the Consular Court, and is entirely consistent with the conclusion that that court did not in the proceeding before it determine the guilt or innocence of the defendant, but, after hearing evi-

dence, required a new complaint to be filed, charging him with an assault with a deadly weapon, and held him to answer for that offense before the United States Court for China.

2. The court found, and there is evidence to justify the finding, that the defendant at the time and place stated in the information, while engaged in an angry altercation with the complaining witness, without justification, and within shooting distance, drew a revolver and pointed it toward the witness in a threatening manner, putting him in such fear that he got under a table for safety. The court also found, and, indeed, the fact is undisputed, that the pistol was unloaded, but this was not known to the complaining witness. We think, upon the facts stated, the judgment of the court, convicting the defendant of the offense of an assault with a dangerous weapon, cannot be sustained. In order to constitute that offense, a dangerous weapon must be used in making the assault. The use of a dangerous weapon is what distinguishes the crime of an assault with a dangerous weapon from a simple assault. A dangerous weapon "is one likely to produce death or great bodily injury." U. S. v. Williams (C. C.) 2 Fed. 64. Or perhaps it is more accurately described as a weapon which in the manner in which it is used or attempted to be used may endanger life or inflict great bodily harm. And it is perfectly clear that an unloaded pistol, when used in the manner shown by the evidence in this case, is not, in fact, a dangerous weapon. If the defendant had struck or attempted to strike with it, the question whether it was or was not a dangerous weapon in the manner used, or attempted to be used, would be one of fact; but the courts quite uniformly hold as a matter of law that an unloaded pistol, when there is no attempt to use it otherwise than by pointing it in a threatening manner at another, is not a dangerous weapon.

But, while the evidence does not show that the defendant committed the crime of an assault with a dangerous weapon, it is yet sufficient to prove him guilty of the minor offense of assault. It is true, as contended by counsel for appellant, that it has been adjudged in many cases that pointing an unloaded pistol at another accompanied by a threat to shoot, does not constitute an assault. This was so held in Klein v. State, 9 Ind. App. 161, 36 N. E. 763, 53 Am. St. Rep. 354; Chapman v. State, 78 Ala. 463, 56 Am. Rep. 42, and People v. Sylva, 143 Cal. 62, 76 Pac. 814, relied upon by defendant, and other cases may be cited to the same effect. The cases from Indiana and California are based upon a statute in force in each of these states, defining an assault as "an unlawful attempt coupled with a present ability to commit a violent injury upon the person of another." Chapman v. State, 78 Ala. 463, 56 Am. Rep. 42, does not rest upon any statute, but lays down the broad rule "that there can be no criminal assault without a present intention, as well as present ability, of using some violence against the person of another." We do not concur in this statement of the law, and in our opinion the true rule is stated by Mr. Bishop in his work on Criminal Law (volume 2 [3d Ed.] § 53), in the following language:

"There is no need for the party assailed to be put in actual peril, if only a well-founded apprehension is created; for his suffering is the same in the one

case as in the other, and the breach of the public peace is the same. Therefore, if within shooting distance one menacingly points at another with a gun, apparently loaded, not loaded in fact, he commits an assault the same as if it were loaded. There must in such a case be some power actual or apparent, of doing bodily harm; but apparent power is sufficient."

This view is sustained by many cases, only two of which will be cited: Commonwealth v. White, 110 Mass. 407; Beach v. Hancock, 27 N. H. 223, 59 Am. Dec. 373. In Commonwealth v. White, the defendant had been convicted of an assault. The trial court instructed the jury:

"That if the defendant, within shooting distance, menacingly pointed at Harrington a gun, which Harrington had reasonable cause to believe was loaded, and Harrington was actually put in fear of immediate bodily injury therefrom, and the circumstances of the case were such as ordinarily to induce such fear in the mind of a reasonable man, that then an assault was committed, whether the gun was in fact loaded or not."

In sustaining this instruction, the Supreme Court of Massachusetts said:

"It is not the secret intent of the assaulting party, nor the undisclosed fact of his ability or inability to commit a battery, that is material; but what his conduct and the attending circumstances denote at the time to the party assaulted. If to him they indicate an attack, he is justified in resorting to defensive action. The same rule applies to the proof necessary to sustain a criminal complaint for an assault. It is the outward demonstration that constitutes the mischief which is punished as a breach of the peace."

In Beach v. Hancock, 27 N. H. 223, 59 Am. Dec. 373, the action was trespass for an assault. It appears from the statement of facts that:

"The evidence tended to show that the defendant snapped the gun twice at the plaintiff, and that the plaintiff did not know whether the gun was loaded or not, and that, in fact, the gun was not loaded."

The court ruled that the pointing of a gun, in an angry and threatening manner, at a person three or four rods distant, who was ignorant whether the gun was loaded or not, was an assault, though it should appear that the gun was not loaded. In upholding this instruction the Supreme Court of New Hampshire, thus forcibly states the rule, which justified it:

"We have a right to live in society without being put in fear of personal harm. But it must be a reasonable fear of which we complain. And it surely is not unreasonable for a person to entertain a fear of personal injury when a pistol is pointed at him in a threatening manner, when, for aught he knows, it may be loaded, and may occasion his immediate death. The business of the world could not be carried on with comfort if such things could be done with impunity."

Our conclusion is that when the court gave credit to the testimony of the witnesses for the prosecution, as it did, and also found from the evidence offered by defendant that the pistol was unloaded, it should have found the defendant guilty of a simple assault.

The judgment is reversed, and the case remanded for a new trial.