THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALICE TREMAINE, Defendant.

Supreme Court, Warren County, June 6, 1927.

Crimes — indictment — demurrer — Penal Law, § 831, subd. 2, which makes it crime to aim firearm " at or towards any human being " refers to violation incident to exhibition — indictment which does not allege that weapon was aimed at any human being in connection with exhibition, does not conform substantially to requirements of Code of Criminal Procedure, §§ 275, 276, and is defective — fact that act of defendant may constitute assault, does not warrant her detention.

Subdivision 2 of section 831 of the Penal Law, which makes it a crime to aim or discharge " any bow-gun, pistol or firearm of any description whatever, or allowing one to be aimed or discharged at or towards any human being," refers

to a violation incident to an exhibition in which showmen, mountebanks or jugglers have a part.

Accordingly, an indictment which charges that the defendant " did unlawfully and wrongfully aim a firearm, to wit, a rifle, at and toward human beings," naming them, in violation of subdivision 2 of section 831 of the Penal Law, does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure, since the indictment does not allege that the weapon was aimed at any human being in connection with an exhibition. Under this subdivision it necessarily follows that it is the manner in which and the means by which the act is done that imposes criminality, and, therefore, it is necessary that the indictment should state that the defendant committed the act under circumstances making it criminal.

Though the act of the defendant may constitute an assault, she cannot be held for that crime, for an indictment which charges an offense under one section of the Penal Law, but enumerates acts which show an attempt to violate another section of that statute, does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure; therefore, the demurrer to the indictment must be sustained, the indictment dismissed, and the defendant discharged.

DEMURRER to indictment for violation of subdivision 2 of section 831 of the Penal Law.

*Fred M. Beckwith, District Attorney,* for the plaintiff.

*Edmund J. Glacken,* for the defendant.

HEFFERNAN, J. The defendant has been indicted for violating subdivision 2 of section 831 of the Penal Law. The charge is that on the 6th day of May, 1927, she " did unlawfully and wrongfully aim a firearm, to wit, a rifle, at and toward human beings, to wit, Anna Winslow, Ada Potter and Melvin Winslow, then and there being in the peace of the People, in violation of said Subdivision 2 of Section 831 of the Penal Law of the State of New York, and against the form of the statute in such case made and provided and against the peace of the People of the State of New York and their dignity."

The defendant has demurred thereto on the grounds that the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure and that the facts stated do not constitute a crime.

The statute on which this charge is predicated may be violated in three ways: (1) By a lessee or occupant of any place of amusement, or any plot of ground or building, who uses it or allows it to be used for the exhibition of skill in throwing any sharp instrument at or towards any human being; (2) by aiming or discharging any bow-gun, pistol or firearm of any description whatever, or allowing one to be aimed or discharged at or towards any human being; (3) by an owner, lessee, proprietor or manager of any surf bathing place, during the bathing season, who neglects to maintain surf

or life boats, or other life-saving apparatus equipped and manned as prescribed by law.

This section is headed, " Knife throwing; shooting; life saving apparatus at bathing places," and is found in article 78 of the Penal Law entitled " Exhibitions." It is significant that each of the six sections incorporated in this article has to do with the regulation and supervision of certain exhibitions and contests of skill, speed or endurance. In the enactment of this article it was undoubtedly the intention of the Legislature to prescribe conditions relating exclusively to performances of the character indicated. In my judgment the legislation should be limited and confined to places of amusement where exploits and feats are conducted. It is true, as urged by the learned district attorney, that nowhere in this subdivision is there any reference to an owner, lessee, occupant, manager or proprietor, while in subdivisions 1 and 3 such persons are specifically designated. It does not necessarily follow, however, that the words used are without limitation. Having in mind the purpose sought to be accomplished and construing this language in connection with the context, it seems to me that it clearly refers to a violation incident to an exhibition. Added confirmation is given to this view for the reason that not only is it an offense under this subdivision to aim or discharge a bowgun, pistol or firearm of any description at or towards a human being, but a person who allows one to be aimed or discharged also violates its provisions. In other words, a person who aims or discharges a firearm at another is guilty, and the person at whom it is aimed or discharged is equally guilty, and the statute may be successfully invoked against both. Obviously, unless this relates to an exhibition of some kind, it would lead to an illogical and absurd result. Unquestionably this legislation is directed against showmen, mountebanks or jugglers, with whose antics we were all familiar in our adolescent days, who aim or discharge firearms at one another in public places.

This indictment does not allege that the weapon was aimed at any human being in connection with an exhibition; in fact, the prosecutor concedes it was not. Under this subdivision it necessarily follows that it is the manner in which and the means by which the act is done that imposes criminality. The offense becomes unlawful only by reason of other acts connected with it. In such case the other acts must be alleged. It was necessary, therefore, for the indictment to state that the defendant committed the act under circumstances making it criminal. The omission of material matter in the description of the offense cannot be supplied by a charge that the act was committed " unlawfully and wrong-

fully." To charge the defendant with criminal responsibility the pleading should show that she comes within the statutory classification. The rule of criminal pleading is that every fact necessary to constitute a crime must be directly, affirmatively and positively alleged. While courts should studiously avoid meticulous technicalities, nothing in a criminal case can be charged by implication, intendment or recital. Not only must all the facts and circumstances which constitute the offense be stated in the indictment, but they must be stated with such certainty and precision as to fairly apprise the accused of the crime of which he is charged, and this that he may be able to meet the allegation by pleading or proof. In a criminal case, paraphrasing the language of Lord MANSFIELD, there is no latitude of intention to include anything more than is charged; the charge must be explicit enough to support itself. (2 Burr, 1127.) An indictment predicated upon a statute must state all the facts and circumstances necessary to constitute the offense so as to bring the indicted party precisely within the meaning of the statutory provision. All the elements which enter into the definition of the offense must be stated in the indictment. The strictness which formerly prevailed in respect to unessential matters in indictments which often defeated the ends of justice has been relaxed, but the rule that the offense must be charged in plain and intelligible language and that the indictment must set forth all of the essential elements of the crime is and ought to be preserved alike for the protection of the accused and in the interest of a certain and orderly administration of the criminal law. (*People* v. *Albow*, 140 N. Y. 130, 134.) This indictment, therefore, does not charge the crime which it specifies.

It is undoubtedly true that the act of the defendant recounted in the indictment constitutes the crime of assault. However, in the adjudicated cases there is a sharp conflict of opinion as to whether the pointing of a firearm at another within shooting distance constitutes an assault if there is no proof that at the time of the alleged assault the firearm was in fact loaded. (5 C. J. 718–725.) It is useless to attempt to reconcile the decisions on the subject. In some jurisdictions it is held that the pointing of an unloaded gun at another will not constitute an assault although threats are made. (*Chapman* v. *State*, 78 Ala. 463; *People* v. *Wells*, 145 Cal. 138; *State* v. *Yturaspe*, 22 Ida. 360; *Klein* v. *State*, 9 Ind. App. 365; *State* v. *Sears*, 86 Mo. 169; *State* v. *Napper*, 6 Nev. 113; *Fastbinder* v. *State*, 42 Ohio St. 341; *State* v. *Godfrey*, 17 Oreg. 300; *McKay* v. *State*, 44 Tex. 43.) But in this State, however, and in other jurisdictions pointing an unloaded firearm at another in a threatening manner constitutes an assault where the party at whom it is pointed

Supreme Court, May, 1927.    [Vol. 129

does not know that it is not loaded, or has no reason to believe that it is not and is, by the act of the menacing party, put in fear of bodily harm. (*People* v. *Morehouse*, 2 Silver. Sup. Ct. 241; *Price* v. *U. S.*, 156 Fed. 950; *Keefe* v. *State*, 19 Ark. 190; *McNamara* v. *People*, 24 Colo. 61; *Crumbley* v. *State*, 61 Ga. 582; *State* v. *Shepard*, 10 Iowa, 126; *State* v. *Taylor*, 20 Kans. 643; *Commonwealth* v. *White*, 110 Mass. 407; *State* v. *Barry*, 45 Mont. 598; *Ford* v. *State*, 71 Neb. 246; *Beach* v. *Hancock*, 27 N. H. 223; *State* v. *Atkinson*, 141 N. C. 734; *State* v. *Smith*, 2 Humphr. [Tenn.] 457; *State* v. *Cherry*, 11 Ired. 475.)

While it may be conceded that the act of the defendant constitutes an assault, she is not charged with that crime. The indictment here charges a violation of subdivision 2 of section 831 of the Penal Law. Where an indictment charges an offense under one section of the Penal Law but enumerates acts which show an attempt to violate another section, it does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure and is demurrable upon that ground. (*People* v. *Foster*, 60 Misc. 3; *People* v. *Quartararo*, 76 id. 55; *People* v. *Dumar*, 106 N. Y. 502; *People* v. *Corbalis*, 178 id. 516.) Under the provisions of the Code of Criminal Procedure prescribing the form of the indictment, it must charge both the crime and the acts constituting it; an omission of either is fatal. (*People* v. *Dumar*, supra.)

For these reasons the demurrer is sustained, the indictment dismissed and defendant discharged.