THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARL SIEFERT, Appellant, et al., Defendants.

Fourth Department, May 24, 1957.

*Thomas J. McKenna* and *Thomas L. Newton* for appellant.

*John F. Dwyer, District Attorney (Merrill G. Windelberg* of counsel), for respondent.

*Per Curiam.* The defendant a junk dealer has been convicted of buying and receiving stolen property in violation of section 1308 of the Penal Law under the following counts of an indictment:

" THIRD: * * * Buying, receiving, concealing or withholding stolen or wrongfully acquired property, felony, contrary to the Penal Law, Section 1308, in that he, the said Earl Siefert, between on or about the 20th day of September, 1952 and on or about the 26th day of September, 1955, at the City of Buffalo, in this County, being then a dealer in and collector of junk, metals and second-hand materials, and knowing that the same had been stolen or appropriated wrongfully in such manner as to constitute larceny, feloniously bought, received, concealed and withheld property stolen from Sears and Roebuck Company, without ascertaining by reasonable inquiry that the said John J. Miranda, Robert F. Walsh and Alfred G. Frank, and each of them, had a legal right to sell and deliver the same."

" FOURTEENTH COUNT: * * * Buying, receiving, concealing or withholding stolen or wrongfully acquired property, felony, contrary to the Penal Law, Section 1308, in that he, the said Earl Siefert, on or about the 29th day of September, 1955, at the City of Buffalo, in this County, being then a dealer in and collector of junk, metals and second-hand materials, feloniously bought, received, concealed and withheld property stolen from Sears and Roebuck Company, a foreign corporation duly licensed to do business in the State of New York, without ascertaining by reasonable inquiry that the said John J. Miranda, Robert F. Walsh and Alfred G. Frank, and each of them, had a legal right to sell and deliver the same." The defendant demurred to the indictment and this appeal is from the order disallowing the demurrer and from the judgment of conviction. At the trial the People proceeded on the theory that the above counts of the indictment charged the defendant with having committed the crime in the manner specified in section 1308 (subd. 1, par. b) of the Penal Law. The court charged that the property, which according to the evidence presented by the prosecution, was stolen and thereafter purchased by the defendant constituted machinery and that it was immaterial whether or not the defendant knew it was stolen — that if he purchased it without ascertaining by reasonable inquiry whether or not it was stolen he was guilty of the crime.

At common law and under section 1308 (subd. 1, par. a) of the Penal Law, knowledge that the property was stolen is one of the essential and main elements constituting the crime. An indictment failing to charge such knowledge is demurrable in that it charges no crime (*People* v. *Hartwell,* 166 N. Y. 361). When the Legislature enacted paragraph b of subdivision 1 of section 1308 of the Penal Law applying to junk dealers it eliminated the element of knowledge of the theft as to certain specified property commonly dealt in by junk dealers. As to the items of property specifically mentioned it substituted for the element of knowledge of the theft buying or receiving "without ascertaining by reasonable inquiry that the person selling or delivering the same has a legal right to do so".

The offense described in paragraph b of subdivision 1 of section 1308 was not known at common law. It is purely statutory (*People* v. *Brown,* 191 App. Div. 708; *People* v. *Estreich,* 272 App. Div. 698, affd. 297 N. Y. 910). "An indictment predicated upon a statute must state all the facts and circumstances necessary to constitute the offense so as to bring the indicted party precisely within the meaning of the statutory provision." (*People* v. *Tremaine,* 129 Misc. 650, 653; see, also, *Phelps* v. *People,* 72 N. Y. 334, 349.)

It is fundamental that the indictment must state the crime charged and the particular acts constituting the crime (*People* v. *Schultz,* 301 N. Y. 495). The identity of the property bought or received is clearly an important and essential element of the crime specified in paragraph b of subdivision 1 since violation of that paragraph is limited to buying or receiving the items of property mentioned therein. The counts of the indictment here purporting to charge a violation of paragraph b of subdivision 1 accuse the defendant of buying and receiving "property stolen from Sears and Roebuck Company". Neither count mentions any of the items specified in paragraph b of subdivision 1. It follows that neither count of the indictment states facts sufficient to constitute a crime under section 1308 (subd. 1, par. b) of the Penal Law. The defendant therefore stands convicted of an offense for which he was not indicted.

The third count of the indictment, however, does charge the defendant with knowledge that the property had been stolen and we conclude that it states a violation of paragraph a of subdivision 1 of section 1308 of the Penal Law.

The order disallowing the demurrer should be reversed insofar as it relates to the fourteenth count of the indictment and as to that count the demurrer should be allowed. The judg-

ment of conviction should be reversed and a new trial granted as to count three of the indictment.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WILLIAMS and BASTOW, JJ.

Order disallowing demurrer reversed as to count 14 and as to that count demurrer allowed, and otherwise order affirmed. Judgment of conviction and order denying motion for a new trial reversed, on the law and facts, and a new trial granted as to count 3 of the indictment.