STATE v. MARLIN D. BORN.

159 N. W. (2d) 283.

May 24, 1968—No. 40,783.

C. Paul Jones, State Public Defender, and R. J. Wolf and Robert E. Oliphant, Assistant State Public Defenders, for appellant.

Douglas M. Head, Attorney General, George M. Scott, County Attorney, and Henry W. McCarr, Jr., Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of conviction.

Defendant was tried and convicted for the crime of aggravated assault in violation of Minn. St. 609.225, subd. 2, which provides:

"Whoever assaults another *with a dangerous weapon* but without intent to inflict great bodily harm may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both." [1] (Italics supplied.)

On February 7, 1966, at approximately 6 p. m., defendant approached

---

[1] To inflict great bodily harm upon another *intentionally* is a crime punishable by imprisonment for not more than 10 years or to payment of a fine of not more than $10,000, or both. Minn. St. 609.225, subd. 1.

If bodily harm inflicted is not intentionally "great," the offense is punishable

one Michael McDunn at a laundromat in Osseo, Minnesota, and, without justifiable excuse or provocation, proceeded to shake and push him. McDunn sought refuge in an adjoining clothing store. The defendant pursued him there, knocked him down with his fist, and kicked him as he was lying on the floor. As a result McDunn sustained cuts and bruises about his head and face, including severe lacerations on his forehead and over his left eyebrow, a badly swollen left eye, and a fractured nose. He was hospitalized for 5 days and unable to work for approximately 2 weeks.

■ The significant question raised by the appeal is whether such an assault is "with a dangerous weapon" within the meaning of § 609.225, subd. 2. We assume defendant inflicted the injuries sustained by McDunn by means of his fists and with his foot. Defendant testified that he was wearing "slippers" at the time of the incident. The details of the attack as related by the witnesses and the nature of the injuries sustained by the victim support the inference that defendant was shod and used his feet and fists in such a way as to make these appendages "dangerous weapons." These words are defined by § 609.02, subd. 6, to mean:

"* * * [A]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or great bodily harm, or any other device or instrumentality which, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm."

There is no Minnesota decision directly in point. This case involved considerably more than a "mere injury by fist, such as is likely to occur in ordinary assault and battery," to which a passing reference is made in State v. Peters, 274 Minn. 309, 317, 143 N. W. (2d) 832, 837. The decisions of courts from other jurisdictions are not sufficiently uniform to give a clear answer to the question presented on this appeal.[2]

by imprisonment for not more than 90 days or to payment of a fine of not more than $100. § 609.22.

Under the instructions given by the trial court, the jury could have found defendant guilty of the latter crime as a lesser and included offense.

[2] Medlin v. United States, 93 App. D. C. 64, 207 F. (2d) 33; State v. Bradley, 254 Iowa 211, 116 N. W. (2d) 439, appeal dismissed and certiorari

In our opinion, fists, when used to strike, and feet, when used to stomp another person, may or may not be dangerous weapons depending on the circumstances of the case. In the present situation, where defendant pursued his victim as he sought to escape and, overtaking him, used his fist to knock him to the floor and his feet to stomp him as he lay there without effective means of defense, the jury could reasonably find that defendant employed an instrumentality which was dangerous in the sense that the assault perpetrated was likely to produce a protracted impairment of the functions of the members or organs of the individual subjected to this extraordinary treatment. We do not attribute to the legislature an intent to limit punishment for such an offense to the maximum of 90 days or a fine of $100, as would be the case if we were to hold otherwise.

The claim that defendant's counsel was incompetent because he failed to call certain witnesses who might or might not have been available and who, had they been available, might or might not have been helpful to the defense, is without merit.

Affirmed.

denied, 374 U. S. 490, 83 S. Ct. 1886, 10 L. ed. (2d) 1047; State v. Gillespie (Mo.) 336 S. W. (2d) 677; Smith v. State, 79 Okla. Cr. 151, 152 P. (2d) 279; Bean v. State, 77 Okla. Cr. 73, 138 P. (2d) 563; People v. Vollmer, 299 N. Y. 347, 87 N. E. (2d) 291; State v. Calvin, 209 La. 257, 24 So. (2d) 467.