**UNITED STATES of America,
Appellee,**

v.

**Thomas Duane DAVIS, Appellant.**

**No. 19778.**

United States Court of Appeals,
Eighth Circuit.

Aug. 4, 1970.

</div>

---

Leo Broden, Devils Lake, N. D., for appellant.

Gary Annear, Asst. U. S. Atty., Fargo, N. D., for appellee; Harold O. Bullis, U. S. Atty., on the brief.

Before MEHAFFY, HEANEY and BRIGHT, Circuit Judges.

MEHAFFY, Circuit Judge.

Thomas Duane Davis, an Indian, appeals his conviction of the crime of assaulting Betsy E. Brunelle, also an Indian, with a dangerous weapon, a pistol, with intent to do bodily harm and without justifiable or excusable cause in violation of 18 U.S.C. § 1153, the so-called Ten Major Crimes Act. We reverse the judgment of conviction.

The crucial question presented is whether an unloaded pistol is a "dangerous weapon" within the meaning of the applicable law and facts.

On April 25, 1968, the date of the alleged crime, one Vincent Vasquez, a friend of defendant, had been shot. Police officers, that afternoon, were in search of two girls who were wanted in connection with the shooting. There is no evidence that defendant was involved in the shooting, but about 8:00 o'clock that evening the two girls were traced to the Turtle Mountain Indian Reservation. Shortly thereafter a police officer saw the girls leaving a car and, when they saw the officer, they ran into an apartment building in a low rent housing area on the Reservation. Defendant, who had accompanied them to the Reservation, was already in the apartment, the home of his aunt and uncle. The girls had previously informed defendant of the shooting and told him when they entered the apartment that the officers were outside.

Defendant, a young Indian twenty-three years of age, assumed that the officers were after him and reasoned that he would be blamed for everything, although there is no evidence at all that he was in any way connected with the shooting. He had a .22 caliber pistol in his waistband and brandished it in the apartment and made a statement to the effect that he would be blamed with everything so he might as well shoot it out. He went outside the apartment building and grabbed Mrs. Brunelle, an elderly woman who was passing by, and placed the pistol to her chest, threatening to kill her if the officers came near him. By this time, some fourteen officers had assembled at the scene and defendant, holding Mrs. Brunelle as a hostage, backed towards a fence, keeping Mrs. Brunelle in front of him with the pistol pointed at her, not noticing that a deputy sheriff was behind him. How-

ever, when he came abreast of the deputy the latter grabbed his arm and the pistol, and with the assistance of other officers disarmed him.

Upon being disarmed, defendant, who had been drinking, was taken to the jail where it was determined that the gun was not loaded. Defendant was booked for public drunkenness and placed in the "tank." He was not charged with the crime of assault with a dangerous weapon at that time.

The pistol was a .22 caliber about five inches in over-all length and weighed about one pound. Defendant made no attempt to fire the pistol or to use it as a bludgeon. 18 U.S.C. § 1153 provides:

> "Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, * * * assault with a dangerous weapon * * * within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."

Public Law 89–707, 80 Stat. 1100, enacted November 2, 1966, amended the above statute and provided that this offense "shall be defined and punished in accordance with the laws of the State in which such offense was committed."

■ Thus, the federal district court has jurisdiction of the felony offense as charged but was without jurisdiction to convict of the lesser crime of simple assault and battery.[1] The applicable section of the North Dakota Century Code, § 12–26–08, provides:

> "Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault or assault and battery upon the person of another with any sharp or dangerous weapon, shall be punished by imprisonment in the penitentiary for not less than one year nor more than five years, or in a county jail for not more than one year."

■ The court instructed the jury among other things that "you are charged that a pistol, if used as charged in the indictment, is a dangerous weapon." The question posed for us is whether an unloaded pistol when used as defendant used it here is a dangerous weapon as a matter of law. Although there is authority to the contrary, we think that this case presents a factual question for the jury's determination. It is undisputed that the pistol was not loaded; that defendant made no attempt to fire the pistol; and that he made no attempt to use it as a bludgeon.

The North Dakota statutes do not define a "dangerous weapon" and neither do we find a decision of the North Dakota court helpful on our problem here. The government in its brief cites two North Dakota cases, State v. Cruikshank, 13 N.D. 337, 100 N.W. 697 (1904), and Territory of Dakota v. Keyes, 5 Dak. 244, 38 N.W. 440 (N.D. 1888). In *Cruikshank* the weapon involved was a loaded revolver. In *Keyes* the crime charged was assault with intent to rape a child under the age of ten years and no weapon was used. Neither case is apposite.

There is sharp conflict of opinion as to whether the pointing of a firearm at another within shooting distance in a threatening manner constitutes an assault with a dangerous weapon if there is no proof that at the time of the alleged assault the firearm was loaded. The following statement appears in 6 Am.Jur.2d Assault and Battery § 54 (1963):

> "The authorities are in conflict on the question whether the crime of an assault aggravated by the use of a dangerous or deadly weapon may be committed with a firearm that is not loaded at the time of the assault. The prevailing view is that an assault with a dangerous or deadly weapon cannot be committed with an unloaded firearm which is used, or intended or apparently intended to be used, as a

---

1. See and compare United States v. Jacobs, 113 F.Supp. 203 (E.D.Wis.1953).

firearm, even if the person thus assailed is thereby put in apprehension of an attack upon his body or life. * * * "

The principal case relied upon by defendant is Price v. United States, 156 F. 950 (9th Cir. China 1907). In that action, the court said at 952:

"We think, upon the facts stated, the judgment of the court, convicting the defendant of the offense of an assault with a dangerous weapon, cannot be sustained. In order to constitute that offense, a dangerous weapon must be used in making the assault. The use of a dangerous weapon is what distinguishes the crime of an assault with a dangerous weapon from a simple assault. A dangerous weapon 'is one likely to produce death or great bodily injury.' (Citation omitted.) Or perhaps it is more accurately described as a weapon which in the manner in which it is used or attempted to be used may endanger life or inflict great bodily harm. And it is perfectly clear that an unloaded pistol, when used in the manner shown by the evidence in this case, is not, in fact, a dangerous weapon. If the defendant had struck or attempted to strike with it, the question whether it was or was not a dangerous weapon in the manner used, or attempted to be used, would be one of fact; but the courts uniformly hold as a matter of law that an unloaded pistol, when there is no attempt to use it otherwise than by pointing it in a threatening manner at another, is not a dangerous weapon."

In the *Price* case, however, the person with the gun was not within striking distance of the victim as was the case here and merely threatened and pointed the gun from across the room. He had no opportunity to use it as a bludgeon as defendant did in this case. Defendant did not strike or attempt to strike Mrs. Brunelle with it although it was used in close enough proximity to be a bludgeon if defendant intended to do bodily harm to Mrs. Brunelle.

There is considerable authority that a pistol used as a bludgeon is not a deadly weapon per se. See collection of cases cited in annotation entitled, "Firearm used as a bludgeon as a deadly weapon," 8 A.L.R. 1319. The annotation states that a double-barreled shotgun, used as a bludgeon, is not necessarily a deadly weapon; that a gun or pistol used simply as an instrument to strike with is not necessarily a deadly weapon, but would be such, or not, according to its size and the manner of using it; and that these facts should be determined by a jury, citing Shadle v. State, 34 Tex. 572 (1870). The annotator concludes that "a pistol used as a bludgeon is not a deadly weapon per se," citing numerous cases.

In Hilliard v. State, 87 Tex.Cr.R. 15, 218 S.W. 1052, 8 A.L.R. 1316 (1920), the court held in effect that although the object may be sufficient to inflict serious bodily injury by its use in a particular manner, unless there is an attempt made to so use it it is error to convict the person for what he could have done but did not do. The court there held that an instrument or weapon used to strike with is not per se a dangerous weapon.

It is generally held, however, that a loaded pistol is a dangerous weapon per se, but where a weapon is used as a bludgeon, it is generally held that it is for the jury to decide whether it is a dangerous weapon.

In Angel v. Commonwealth, 289 Ky. 281, 158 S.W.2d 640 (1942), the court said:

"In instructing the jury the trial court assumed that the pistol was a deadly weapon, and on this appeal it is argued in behalf of the commonwealth that a pistol is a deadly weapon per se. This is true where a pistol is used as a firearm, but where, as in the present case, it is used as an instrument to strike with, the question as to whether or not it is a deadly weapon is for the jury to determine. A pistol used as a bludgeon is not necessarily a deadly weapon. See annotation 8 A.

L.R. 1319 * * *. In Smallwood v. Commonwealth, 33 S.W. 822, 17 Ky. Law.Rep. 1134, Smallwood was convicted of striking another with a deadly weapon with intention to kill him. The weapon used was a pistol. The judgment was reversed, partly on the ground that the trial court had assumed in its instructions to the jury that the pistol was a deadly weapon. This court said:

" 'It also seems to us it was the province of the jury to determine whether the pistol was, in the manner it was used, a deadly weapon; and it was improper for the court to assume it was, as appears to have been done in one of the instructions.' "

It has been held that where it was not known whether the pistol was empty or loaded but where it was used as a bludgeon, making a gash in the head about an inch long, it was error for the court to instruct the jury that a pistol is a deadly weapon, as the question was one for the jury, and that a weapon may or may not be deadly according to its size and the manner of its use. See annotation, "Firearm used as a bludgeon as a deadly weapon," *supra*, 8 A.L.R. at 1321, 1322, citing Skidmore v. State, 43 Tex. 93 (1875), and McLendon v. State, Tex.Cr. App., 66 S.W. 553 (1902).

■ Almost any weapon, which as used or attempted to be used, may endanger life or inflict great bodily harm can, in certain circumstances, be a dangerous weapon. United States v. Johnson, 324 F.2d 264, 266 (4th Cir. 1964). See and compare State v. Born, 280 Minn. 306, 159 N.W.2d 283 (1968).

With respect to an unloaded pistol, however, there is also authority that it is a dangerous weapon per se or as a matter of law if within striking distance of the victim. A number of courts have recognized that one can be convicted of robbery by means of a dangerous or deadly weapon, notwithstanding the fact that the gun was unloaded. See cases cited in annotation entitled, "Fact that gun was unloaded as affecting criminal responsibility," 79 A.L.R.2d 1412, 1426–1430.

The courts generally hold for various reasons that an unloaded gun is a dangerous weapon as described in the robbery statute. Some courts distinguish the cases involving a charge of assault with a deadly weapon from those charging robbery by means of a dangerous weapon, stating that the gravamen of an assault is the attack, with present ability being essential, but the gravamen of robbery is a taking by force or fear, and this being shown, the offense is complete.

We think, when the full evidence of this case is considered, that the court erred in instructing the jury, as a matter of law, that the unloaded pistol was a dangerous weapon. A factual issue is involved and should have been submitted to and resolved by the jury. The defendant was thwarted in his actions when he was disarmed by the deputy sheriff. Within the context of all of the facts, we are convinced that the jury should have been permitted to pass on the question of whether or not the unloaded pistol as used here was a dangerous weapon within the meaning of the term as used in the North Dakota statute.

For these reasons, we reverse the judgment of conviction, and if the prosecuting authorities elect to proceed with another trial in the light of the eighteen months' sentence to run concurrently with any other sentence defendant may now be serving, then the court should leave to the jury's determination the question of whether the unloaded pistol as used under the circumstances in this case was a dangerous weapon.

Reversed.