BRUCE ANTHONY LORETTA, AKA CLAIBORNE, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9665

June 30, 1977 565 P.2d 1008

*Morgan D. Harris,* Public Defender, and *John H. Howard,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *J. Michael McGroarty,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was ordered to stand trial on two gross misdemeanor counts of assault with a deadly weapon. The charges resulted from appellant having pointed a gun at two Las Vegas police officers.

A pretrial petition for habeas corpus contended the prosecuting attorney failed to produce sufficient evidence, at the preliminary examination, to establish that appellant had probably committed the charged crimes, as required by NRS 171.206. The habeas petition was denied and the same contention is reasserted in this appeal.

Appellant argues we must reverse because there was no proof that the gun was loaded; hence, the requisite "present ability" to commit the assaults was not shown. We agree.

In order to establish probable cause that appellant committed the charged crimes, it was incumbent upon the state to submit evidence of appellant's "present ability" to use a "loaded" weapon.[1] *See* State of Nevada v. Napper, 6 Nev. 113, 115 (1870), where this court said: "The pistol held in the hand of defendant, capped, pointed at [the victims], and attempted to be discharged, would not be a deadly weapon, *unless loaded with something capable of wounding when discharged. No presumption of such loading can arise under the statute.*" (Emphasis added.) *See* NRS 200.471.[2]

Here, the information alleges that appellant attempted to injure the two officers "with a present ability to use a deadly weapon . . . by pointing a firearm at [them]." Therefore, to support the charges, it was incumbent on the prosecuting attorney to submit proof that the weapon was loaded. *Napper, supra.*

---

[1] An unloaded pistol may, under certain circumstances, which are not present here, be used as a deadly weapon; *e.g.,* if the assailant uses or attempts to use a pistol as a bludgeon, proof that it was loaded would not be required to support a charge of assault with a deadly weapon; rather, whether or not the weapon is deadly would, under these circumstances, be a question to be determined by the trier of fact. State v. McNeil, 53 Nev. 428, 4 P.2d 889 (1931). *Accord,* Price v. United States, 156 F. 950 (9th Cir. 1907).

[2] NRS 200.471 provides:

"1. As used in this section, "assault" means an unlawful attempt, coupled with a *present ability,* to commit a violent injury on the person of another.

"2. Any person convicted of an assault shall be punished:

"(a) If the assault is not made with use of a deadly weapon, or the present ability to use a deadly weapon, for a misdemeanor.

"(b) If the assault is made with use of a deadly weapon, or the *present ability* to use a deadly weapon, for a gross misdemeanor." (Emphasis added.) The operative portion of the statute has not changed since 1870.

Accordingly, we reverse and remand. The district court is instructed to grant the petition for a writ of habeas corpus.