An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAN BARCHENGER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63850

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree kidnapping, two counts of battery with the use of a deadly weapon, two counts of assault with the use of a deadly weapon, burglary, discharging a firearm from inside a structure, and felon in possession of a firearm. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Based on his belief that Robert Walters was involved in the murder of a friend, appellant Dan Barchenger and his friend Terry Barnes decided to force Walters from their remote community of Hooterville. The two men drove to the residence where Walters lived with his girlfriend, Yvette Wilson, her daughter, Cheynia, and Walters' nephew, Ricky. While Barnes waited outside, Barchenger burst into the residence with a shotgun. Barchenger hit Walters several times with the barrel and butt of the shotgun, calling Walters a murderer and yelling at him to leave. Wilson attempted to protect Walters by grabbing his head and Barchenger hit Wilson on her finger with the shotgun. When Barchenger pointed the shotgun at Wilson, Cheynia pushed the barrel away from Wilson's face. Barchenger hit Cheynia on her left arm with the butt of the shotgun,

14-19079

leaving a bruise. During the fracas, the shotgun discharged. Afterward, Barchenger forced Walters at gunpoint to leave the residence in his boxer shorts and socks. As Walters walked down the road, Barchenger attempted to hit Walters with his car, but Wilson intervened by driving her car between Walters and Barchenger's car. Walters climbed into Wilson's car and they, along with Cheynia and Ricky, fled and contacted the police.

Barchenger contends that the evidence presented at trial was insufficient to support his conviction for battery with the use of a deadly weapon involving Cheynia on two grounds. When reviewing a challenge to the sufficiency of the evidence, we consider "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational [juror] could have found the essential elements of the crime beyond a reasonable doubt.'" *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "[I]t is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness." *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975). The jury's verdict will not be disturbed on appeal where substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair*, 108 Nev. at 56, 825 P.2d at 573.

First, Barchenger argues that his battery conviction must fall because his striking Cheynia with the shotgun was accidental and not an intended consequence of battering Walters. Cheynia testified that when Barchenger pointed the shotgun at Wilson, she pushed the shotgun way and Barchenger "grabbed the butt of the gun, twisted it around and hit me in my arm." Walters testified that he saw Barchenger hit Cheynia with

the shotgun. The jury could reasonably infer from the evidence presented that Barchenger battered Cheynia with a deadly weapon. *See* NRS 200.481(2)(e).

Second, Barchenger argues that the offense was not committed with the use of a deadly weapon because Cheynia was struck, rather than shot, with the shotgun. In this, he suggests that, "'a deadly weapon' should be governed by the 'old' definition of a 'deadly weapon' under NRS 193.165, before the legislature amended that statute with NRS 193.165(6): A shotgun is a 'weapon' when it is used in an ordinary manner contemplated by its design or construction." NRS 193.165 speaks to sentence enhancement for the use of a deadly weapon during the commission of a crime and does not apply where the use of a deadly weapon is a necessary element of the offense, NRS 193.165(4). We have observed that when a deadly weapon is an element of the offense, "an instrumentality, even though not normally dangerous, is a deadly weapon whenever it is used in a deadly manner." *Zgombic v. State*, 106 Nev. 571, 573, 798 P.2d 548, 549 (1990), *superseded by statute on other grounds as stated in Steese v. State*, 114 Nev. 479, 499 n.6, 960 P.2d 321, 334 n.6 (1998). Under the facts presented here, we conclude that the jury could reasonably infer that Barchenger battered Cheynia with a deadly weapon.[1] *See Loretta v. Sheriff*, 93 Nev. 344, 345 n.1, 565 P.2d 1008, 1009

---

[1]In the alternative, Barchenger argues that the district court erred by not giving appropriate instructions so that the jury could determine whether the evidence presented was sufficient to support his conviction for battery with the use of a deadly weapon involving Cheynia. He argues that "[w]hat would be required is a general intent to commit a battery (in this case against [Walters]) in such a way that it has the direct, natural

*continued on next page . . .*

n.1 (1977) (noting that an unloaded pistol may be considered a deadly weapon to support a charge of assault with a deadly weapon if used as a bludgeon); *see generally Archie v. Sheriff,* 95 Nev. 182, 183, 591 P.2d 245, 245 (1979) (concluding that evidence showing that the defendant struck the victim with a two-by-four piece of lumber provided sufficient probable cause to support a charge of battery with the use of a deadly weapon).

Barchenger next argues that the district court erred by not giving an instruction in accordance with *Mendoza v. State,* 122 Nev. 267, 275-76, 130 P.3d 176, 181 (2006), advising the jury that to convict him of kidnapping, the prosecution must show that the kidnapping was not incidental to the battery of Walters. Because he did not object to this omission, his claim is reviewed for plain error affecting his substantial rights. *See Green v. State,* 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). Barchenger argues that "because of the way in which the kidnapping[2]

---

*. . . continued*

and probable consequence, if successfully completed, of causing injury to another (in this case, to [Wilson] and/or Cheynia). He further contends that the deadly weapon instruction was misleading because it allowed the jury to find that the shotgun used here was a deadly weapon although it was not used in the manner contemplated by its design. Barchenger did not request such instructions or object to any instructions given, and we conclude that he has not demonstrated plain error in this regard. *See Green,* 119 Nev. at 545, 80 P.3d at 95. And to the extent he challenges the charged offense of battery with the use of a deadly weapon involving Wilson, he was acquitted of that offense and therefore no relief is warranted.

[2]The district court instructed the jury on second-degree kidnapping as follows:

*continued on next page . . .*

and false imprisonment counts were charged and argued, and because of the way in which the jury was instructed, the crimes of second-degree kidnapping and false imprisonment were both indistinguishable and necessarily intrinsic to the associated crime of battery." In this, he reasons that "by cornering Walters on the couch and striking him with a shotgun, [he] to some degree detained, seized, and/or violated the personal liberty of Walters at that point in time," a single act that could result in convictions for battery, false imprisonment, and second-degree kidnapping. Therefore, according to Barchenger, a *Mendoza* instruction was necessary to ensure that he was not convicted of second-degree kidnapping based on any movement of Walters that was incidental to the battery. We conclude that he has not demonstrated plain error.

The State charged Barchenger with second-degree kidnapping of Walters by "willfully, unlawfully, and without the authority of law,

---

. . . *continued*

> Every person who shall willfully and without the authority of law seize, inveigle, take, carry away or kidnap another person with the intent to keep such person secretly imprisoned within the state, or for the purpose of conveying such person out of state without authority of law, or in any manner held to service or detained against his or her will, shall be deemed guilty of kidnapping in the second degree.

> To support the charge of kidnapping it is the fact of moving the victim, not the distance, which is controlling. In other words, there does not have to be any appreciable movement as long as the victim was taken from one place to another.

carry away, and/or kidnap the person of Robert Walters with the intent to detain the victim against his/her will . . . ." Although not evident from the charging document, the State argued to the jury twice during closing arguments that it had proved second-degree kidnapping by Barchenger's actions in taking Walters from inside the residence and forcing him at gunpoint to walk down a road. While Barchenger appears to suggest that the kidnapping occurred when he detained Walters on the couch at gunpoint and beat him, that does not appear to be the factual basis of the second-degree kidnapping charge. Barchenger's actions in removing Walters from his residence at gunpoint and forcing him to walk some distance down a road were not incidental to the battery but distinct conduct that supports a separate second-degree kidnapping conviction. Further, we are not persuaded by Barchenger's arguments concerning the relevance of the false imprisonment charge to this issue as he was acquitted of that charge. Having reviewed the trial transcripts, jury instructions, and charging document, we cannot say that the district court had a sua sponte duty to provide a *Mendoza* instruction and therefore Barchenger has failed to demonstrate plain error.

Having considered Barchenger's arguments and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Brent T. Adams, District Judge
Richard F. Cornell
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A