# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50375

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

SAMUEL UCLES,

> Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-414-1

Before JOLLY and DENNIS, Circuit Judges, and REEVES*, District Judge.

PER CURIAM:**

Samuel Ucles pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court enhanced Ucles's sentence by sixteen levels after determining that his prior, Minnesota conviction for second-degree assault with a dangerous weapon constituted a "crime of violence" under § 2L1.2 of the Sentencing Guidelines. For the reasons that follow, we AFFIRM.

---

* District Judge of the Southern District of Mississippi, sitting by designation.

** Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50375

I.

Ucles pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326. Ucles previously had been convicted in Minnesota of second-degree assault with a dangerous weapon, *see* Minn. Stat. § 609.222, subd. 1. Based on this conviction, the presentence investigation report recommended that Ucles's sentence be enhanced by sixteen levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii), which applies, as relevant here, when the defendant previously has been convicted of a "crime of violence." Ucles objected to this enhancement. He argued that, because the "dangerous weapon" required to violate § 609.222, subd. 1 may include the defendant's hands or feet, § 609.222, subd. 1 is broader than the most analogous crime that the Guidelines enumerate as a "crime of violence"—"aggravated assault." *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The district court rejected this argument, concluding that the generic crime of "aggravated assault" incorporates a definition of "dangerous weapon" capacious enough to include the defendant's hands or feet.

Applying the enhancement, the district court calculated a Guidelines range of 57–71 months of imprisonment. The district court sentenced Ucles to 57 months, and Ucles appealed.

II.

On appeal, Ucles's sole argument is the one he made to the district court: that Minn. Stat. § 609.222, subd. 1 is not categorically a "crime of violence" because under § 609.222, subd. 1—unlike under the generic crime of "aggravated assault"—the defendant's hands or feet may constitute a "dangerous weapon." "We review de novo whether a prior conviction constitutes a conviction for a crime of violence within the meaning of the Guidelines." *United States v. Carrasco-Tercero*, 745 F.3d 192, 195 (5th Cir. 2014) (internal quotation marks omitted).

No. 14-50375

III.

A.

"The Guidelines define a crime of violence as (1) any offense in a list of enumerated offenses which includes 'aggravated assault,' or (2) 'any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *Id.* (quoting U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)). "This court employs a 'categorical approach' in determining whether an offense qualifies as a [crime of violence] under § 2L1.2." *United States v. Garcia-Figueroa*, 753 F.3d 179, 184 (5th Cir. 2014) (some internal quotation marks omitted). The categorical approach requires us to compare the statute of conviction with the enumerated offense to determine whether the former "categorically fits within the generic federal definition of" the latter. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2012) (internal quotation marks omitted) (citing *Taylor v. United States*, 495 U.S. 575, 599–600 (1990)). "A state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense.'" *Id.* (alterations and internal quotation marks omitted).

Ucles argues that, because the defendant's hands or feet may supply the "dangerous weapon" needed to violate Minn. Stat. § 609.222, subd. 1, that statute is broader than the most analogous enumerated offense under U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)—"aggravated assault." We disagree.

B.

We begin our categorical-approach analysis by examining the statute of conviction. Ucles was convicted under Minn. Stat. § 609.222, subd. 1, which prohibits "assault[ing] another with a dangerous weapon." The term "dangerous weapon" is defined as "any . . . device or instrumentality that, in the manner it is used or intended to be used, is calculated to produce death or great bodily harm." Minn. Stat. § 609.02, subd. 6. Construing this definition,

3

No. 14-50375

Minnesota courts have held that a defendant's hands or feet may constitute a "dangerous weapon," but only if the essential requirements of the definition are satisfied; that is, only if the hands or feet are used in a manner calculated to produce death or great bodily harm. *See, e.g., State v. Born*, 159 N.W.2d 283, 284–85 (Minn. 1968); *State v. Davis*, 540 N.W.2d 88, 90–91 (Minn. Ct. App. 1995).

## C.

We turn next to the generic crime of "aggravated assault." "Our primary source for the generic contemporary meaning of aggravated assault is the Model Penal Code." *United States v. Torres-Diaz*, 438 F.3d 529, 536 (5th Cir. 2006); *see also United States v. Ramirez*, 557 F.3d 200, 205 (5th Cir. 2009). The Model Penal Code provides that "[a] person is guilty of aggravated assault if he," among other things, "attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon." Model Penal Code § 211.1(2)(b). "Deadly weapon," in turn, is defined as "any . . . device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury." *Id.* § 210.0(4).

## D.

As noted above, Ucles's only argument is that the Minnesota statute of conviction is broader than the generic offense of "aggravated assault" because the former incorporates a broader definition of "dangerous weapon" than does the latter.[1] Viewing the relevant definitions side by side, it is plain that this argument lacks merit.

---

[1] It has been suggested that Minn. Stat. Ann. § 609.222, subd. 1, is broader than the generic offense of "aggravated assault" for a different reason than the one Ucles identifies— that is, that it incorporates a broader definition of "assault" than does the generic offense. *Compare* Minn. Stat. Ann. § 609.02, subd. 10 (defining "[a]ssault" as "(1) an act done with *intent to cause fear* in another of immediate bodily harm or death; or (2) the intentional

No. 14-50375

As an initial matter, the definitions are nearly identical. *Compare* Minn. Stat. § 609.02, subd. 6 ("'Dangerous weapon' means any . . . device or instrumentality that, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm . . . .") *with* Model Penal Code § 210.0(4) ("'[D]eadly weapon' means any . . . material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury."). Furthermore, the text of the Model Penal Code's definition of "deadly weapon" gives every indication that it, like Minnesota's definition, is broad enough to encompass the defendant's hands or feet, provided they are used in a manner "known to be capable of producing death or serious bodily injury." Model Penal Code § 210.0(4). Again, the Model Penal Code defines a "deadly weapon" as "*any* . . . material or substance, whether animate or inanimate, which" is used in the above-described manner. *Id.* (emphasis added). There is no question that a hand or a foot is a "material or substance." *See Oxford English Dictionary* (online ed. 2014) (defining "material" as "[m]atter" or "a material thing"); *Black's Law Dictionary* (9th ed. 2009) (defining "substance" as "[a]ny matter"). And any residual reluctance we might have to describe something living—like a hand—using a word typically reserved for nonliving *things*— "weapon"—is dispelled by the Model Penal Code's express statement that a "deadly weapon" may be "animate or inanimate." Model Penal Code § 210.0(4).

\* \* \*

---

infliction of or attempt to inflict bodily harm upon another" (emphasis added)) *with, e.g., United States v. Esparza-Perez*, 681 F.3d 228, 231 (5th Cir. 2012) ("[Generic a]ssault . . . requires proof that the defendant either caused, attempted to cause, or threatened to cause bodily injury or offensive contact to another person."). This argument is not properly before the court, however, because Ucles has never raised it. *See, e.g., Turner v. Quarterman*, 481 F.3d 292, 295 n.1 (5th Cir. 2007) ("[A party] waives the arguments he has not briefed."); *Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657, 669 (5th Cir. 2004) ("Arguments not raised in the district court cannot be asserted for the first time on appeal.").

No. 14-50375

We therefore conclude that, for the purposes of the generic crime of "aggravated assault," the defendant's hands and feet may constitute a "dangerous" or "deadly weapon," provided they are used in a manner known to be capable of producing death or serious bodily injury.  Because these are the same circumstances under which a defendant's hands or feet may constitute a "dangerous weapon" under Minn. Stat. § 602.222, subd. 1, we reject Ucles's argument that Minnesota's definition of "dangerous weapon" makes his statute of conviction broader than the generic offense of "aggravated assault."

AFFIRMED.