DUDLEY CORNELIUS ALLEN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10806

April 9, 1980                                     609 P.2d 321

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard Bryan,* Attorney General, Carson City, and *Robert Miller,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant of robbery with use of a deadly weapon. The evidence established that appellant entered a market, showed a pistol to two young boys who were working there, threatened to kill them, and took cigars. When the market owner entered the room, he found appellant holding a pistol to one boy's head. The appellant thereafter threatened the market owner, struck him in the side with the pistol, and took money from him. When a customer entered unexpectedly,

appellant attempted to shoot at him, but the pistol did not fire. The evidence established that the pistol was incapable of being fired.

Appellant submitted instructions which would have required the jury to determine whether the firearm was, in fact, a deadly weapon. The trial court refused to give the proposed instructions, and instead gave the instructions set forth below.[1] The trial court also precluded defense counsel from arguing that appellant's pistol was inoperative, or that the pistol was not a deadly weapon. The appellant argues this was error. We find no error and affirm.

A firearm is a deadly weapon within contemplation of NRS 193.165.[2] Proof of its deadly capabilities is not required. Stalley v. State, 91 Nev. 671, 541 P.2d 658 (1975). In order to ''use'' a deadly weapon for purposes of NRS 193.165, there need not be conduct which actually produces harm but only conduct which produces a fear of harm or force by means or display of the deadly weapon in aiding the commission of the crime. Culverson v. State, 95 Nev. 433, 596 P.2d 220 (1979). The jury could have found from the evidence presented that appellant ''used'' the pistol in the commission of the robbery, even though inoperative, and that his use of the pistol produced a fear of harm or force in the victims. A firearm is dangerous, not only because it can inflict deadly harm, but because its use may provoke a deadly reaction from the victim or from bystanders. We believe use of *any* firearm during commission of a crime should be discouraged.[3] For these reasons, we affirm.

The appellant asserts it was error to admit testimony from

[1]The instructions given provided:

"Instruction No. 6: You are instructed that if you find the Defendant guilty of Robbery, you must also determine whether or not a deadly weapon was used in the commission of this crime.

"Instruction No. 7: You are instructed that a firearm is a deadly weapon and proof of its deadly capabilities is not required."

[2]NRS 193.165(1) provides:

"1. Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime."

[3]*But see* NRS 193.165(3). NRS 193.165 does not apply where use of the firearm or deadly weapon is a necessary element of the offense. *Cf.* Loretta v. Sheriff, 93 Nev. 344, 565 P.2d 1008 (1977).

the pistol owner that she saw the appellant enter her house, and then go to the market nearby. The appellant argues that this was evidence of other crimes, wrongs or acts and should have been excluded. NRS 48.045. Even assuming admission of the testimony was error, in view of the evidence in the record, any error was harmless. Had the testimony not been admitted, it is apparent the same result would have been reached. NRS 178.598.

Appellant also argues that the prosecutor's arguments were improper and require reversal. This contention is without merit. The jury was properly instructed as to the State's burden of proof, the intent required for robbery, and the defense of intoxication.

Voluntary intoxication, though not an excuse for crime, may be considered in determining intent. NRS 193.220. We assume the jury did so. King v. State, 80 Nev. 269, 392 P.2d 310 (1964). There is substantial evidence in the record from which the jury could reasonably conclude that appellant's intoxication was not so gross as to preclude his intention to rob. Andrade v. State, 87 Nev. 144, 483 P.2d 208 (1971).

Affirmed.