RANDY ANDERSON, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 11025

July 29, 1980          614 P.2d 540

Gunderson, J., dissented.

*Morgan D. Harris,* Public Defender, and *H. Leon Simon,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Ira H. Hecht,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Manoukian, J.:

Appellant was convicted of robbery with use of a deadly weapon. *See* NRS 200.380, 193.165. The sole contention on appeal is that the evidence was insufficient to support the weapons enhancement.

At trial appellant admitted using a blank gun in the commission of the robbery. In Allen v. State, 96 Nev. 334, 609 P.2d 321 (1980), we held that use of an inoperable firearm in the commission of a crime would support the enhanced penalty. In so deciding, we stated: "A firearm is dangerous, not only because it can inflict deadly harm, but because its use may provoke a deadly reaction from the victim or from bystanders."

*Id.* at 336, 609 P.2d at 322. We perceive no substantial distinction between the inoperable firearm in *Allen* and the blank gun used in the instant case.

Affirmed.

MOWBRAY, C. J., and THOMPSON and BATJER, JJ., concur.

GUNDERSON, J., dissenting:

Any dicta in Allen v. State, 96 Nev. 334, 609 P.2d 321 (1980) notwithstanding, I respectfully submit that the term "deadly weapon" should be applied only to objects having that essential nature. In Allen v. State, a robber's pistol misfired when he attempted to shoot his victim. This court decided not to burden enhancement cases with debate over whether something clearly a "weapon," and clearly "deadly" in its essential nature, is actually operable or inoperable at the moment of the crime. I submit that such a holding does not support the view that an object which is neither a weapon nor deadly, such as a cap pistol or a rubber knife, should be deemed a "deadly weapon" in law.