DONALD KEITH COATS, LOREN BERNARD CUNNING-
HAM AND MICHAEL ROBERT WOYCKE, APPEL-
LANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 12556

April 30, 1982

643 P.2d 1225

*Smith & Maurer,* Las Vegas, for Appellant Coats.

*Frank J. Cremen,* Las Vegas, for Appellant Cunningham.

*Gerald Hardcastle,* Las Vegas, for Appellant Woycke.

*Richard Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The appellants were tried before a jury on three counts each of robbery with the use of a deadly weapon. They were found guilty on all counts.

Appellants contend the district court erred when it failed to instruct the jury *sua sponte* that to be convicted of robbery the defendants had to have specific intent to deprive the owners permanently of their property.

In Litteral v. State, 97 Nev. 503, 634 P.2d 1226 (1981), this court held that the crime of robbery as defined in NRS 200.380, represents a general intent crime. Accordingly, proof of specific intent is not required in order to establish the crime of robbery. In the instant case, the district court instructed the jury on the crime of robbery, by following the statutory definition as set forth in NRS 200.380.[1] The district judge did not err in failing to instruct *sua sponte* the jury on the element of specific intent.

Next, appellants submit that the photographic lineup was impermissibly suggestive and a denial of their due process rights. The applicable due process standard regarding photographic lineups was enunciated in Simmons v. United States, 390 U.S. 377, 384 (1968), wherein the court held: ". . .

---

[1]NRS 200.380 states:

Robbery: Definition; penalty.

1. Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force of fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'' *See also* Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969), cert. denied 396 U.S. 893 (1969).

In the case at bar, one of the robbery victims viewed a photographic lineup consisting of nine photographs, three of which were of the appellants. After viewing the lineup, the robbery victim identified appellants as the perpetrators of the crime. The record reflects that identification of the appellants at trial was predicated on the victim's eyewitness observations during the course of the robbery. We conclude the photographic lineup was not impermissibly suggestive and appellant's due process rights were not violated.

Finally, appellants contend that testimony of a police officer witness was so prejudicial as to render the trial unfair. Appellants submit that evidence of criminal activity unrelated to the offense charged was erroneously admitted through the testimony of Detective Mings of the Metropolitan Police Department.

Evidence of prior criminal activity may be admitted only for limited purposes, and then only if its prejudicial effect is outweighed by its probative value. Founts v. State, 87 Nev. 165, 483 P.2d 654 (1971). In Founts v. State, *supra,* this court held the rule proscribing the introduction of previous offense testimony was not violated where the prosecution repeatedly referred to the ''unusual'' and ''unfortunate'' nature of a prior meeting between the victim and defendant. Likewise, in Geary v. State, 91 Nev. 784, 544 P.2d 417 (1975), where a police officer witness testified that he had arrested appellant on ''another incident'' and the trial court offered to admonish the jury and give a limiting instruction, this court held that no damaging previous-offense testimony was introduced.

Here, Detective Mings testified without objection that he obtained the photographs of appellants used in the photographic lineup from the homicide division of the Las Vegas Police Department. However, after an offer of proof, two of the three defense counsel objected to Mings' testimony. The district court overruled counsels' objections and allowed

Detective Mings to explain why a physical lineup was not conducted and how he obtained the photographs of appellants.

Detective Mings testified as follows:

> Q. All right, Officer Mings. There was no physical lineup here, is that correct?
>
> A. That's correct.
>
> Q. And could you tell us why you did not have a physical lineup in this instance and how you arrived at this photographic lineup?
>
> A. Mr. Cummins called me and advised me that there were three subjects in custody by the name of Killer, Diller, and Ace. At which time I proceeded to the Homicide Detail and obtained photos of three subjects and held a photographic lineup because the three subjects in custody were not in custody in my jurisdiction.

Prior to Detective Mings' testimony, the district court offered to admonish the jury and give a limiting instruction, advising the jury that the Homicide Division investigates crimes other than homicide. Two of the three defense counsel for appellants rejected the court's offer because they felt an admonishment would only serve to highlight a remark that may have gone unnoticed by the jury.

In our view, reference to the homicide division is too tenuous to have prejudiced appellants in the factual context of this case. *See* Reese v. State, 95 Nev. 419, 596 P.2d 212 (1979). Here, as in *Founts* and *Geary*, "no damaging previous-offense testimony was introduced," and the rule proscribing introduction of such evidence was not violated.

The judgment of the district court is affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.[2] concur.

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 19; SCR 10.