Eduardo **PENA CORTEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–86–402–CR.

Court of Appeals of Texas,
Corpus Christi.

May 20, 1987.

Glen Barnard, Harlingen, for appellant.

Ben Euresti, Jr., County Dist. Atty's. Office, Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

OPINION

KENNEDY, Justice.

Appellant was tried and convicted by a jury of robbery and sentenced by the court to fifteen years' imprisonment. The State did not file a brief in this appeal.

In its judgment, the court included a finding that:

[Appellant] used and exhibited a deadly weapon during the commission of this offense and that the deadly weapon used by and exhibited by the Defendant was a firearm, this affirmative finding is made

a part of the judgment of the court in accordance with the provision of Article 42.12 Sec. 3f(a)(2) Code of Criminal Procedure of the State of Texas.[1]

Appellant's sole point of error takes issue with the trial court's "deadly weapon" finding, given the absence of such an allegation in the indictment and in the court's charge to the jury. Moreover, appellant argues that because the trial judge conceded that the "firearm" in question was a "toy," it was error to punish appellant for use of a "deadly weapon."

The indictment charged that on or about March 24, 1986, appellant, in the course of committing theft and with intent to obtain and maintain control of the property to be stolen, intentionally and knowingly threatened and placed Ricardo and Ramona Ramirez in fear of imminent bodily injury. The indictment did not allege that a deadly weapon was used or exhibited during the commission of the offense, nor was the jury instructed on the issue.

■ The Court of Criminal Appeals has held that, where the trial judge is the trier of fact at the punishment stage and he has heard evidence on the issue, he has the authority to make an affirmative finding as to the use or exhibition of a deadly weapon if the jury has not decided the matter. *Fann v. State*, 702 S.W.2d 602, 604 (Tex. Crim.App.1985). In *Fann*, the indictment was not required to contain a deadly weapon allegation since the trial court was responsible for making the deadly weapon finding at the punishment stage of trial. Likewise, here the indictment was not required to contain a deadly weapon allegation, nor did the charge to the jury need to contain instructions on the deadly weapon issue since appellant elected to have the court assess punishment.

■ In determining whether the trial court's deadly weapon finding was correct, we must review the definition of "deadly weapon." Texas Penal Code Ann. § 1.07(a)(11) (Vernon Supp.1979) defines a deadly weapon as:

(A) a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

Thus, to be a deadly weapon, the "pistol" here must either be "manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury," or be "in the manner of its use or intended use capable of causing death or serious bodily injury." *Corte v. State*, 630 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd).

We fail to see how this "pistol" could be considered a deadly weapon. The "pistol" in this case is a black Daisy brand, Model No. 59, 6mm plastic shot, Detailed Replica toy handgun. Although the trial court made an affirmative finding that the offense was committed with the use of a firearm, the court conceded, at the time of making that written finding, that the evidence showed the "pistol" was a "toy." Appellant, in his statement taken the day of his arrest, related that he entered the La Reyna Grocery Store in Harlingen at about 1:30 p.m. on March 26, 1986, put a ski mask on, pulled out a "toy gun" and told the store owner to give him his money. The owner opened the register and gave appellant two five-dollar bills. Appellant fled the scene and threw away the toy gun and ski mask in the alley next to the store. The toy gun, ski mask, and shirt appellant was wearing that day were recovered and introduced into evidence.

The store owner, Ricardo Ramirez, and his wife, Ramona Ramirez, both testified that appellant was holding "a pistol" at the time of the offense. Mrs. Ramirez stated that she was in a little room connected to the La Reyna Grocery Store when appellant came into the store and demanded money from her husband. She testified that appellant told her to come out [of the room] or he would kill her husband. He was threatening her husband "with the pistol," and Mrs. Ramirez identified State's

---

1. Now codified at Tex. Code Crim.Proc.Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.1986).

Exhibit No. 3 as "the pistol" which appellant had at the time of the robbery.

The Court of Criminal Appeals has held that testimony as to a weapon referred to at trial as a gun or pistol is sufficient to prove the use of a "deadly weapon," yet in those cases which equate "pistol" with "deadly weapon," the "pistol" used or exhibited comports to the Texas Penal Code deadly weapon definition. *See Gomez v. State*, 685 S.W.2d 333, 336 (Tex.Crim.App. 1985); *Wright v. State*, 591 S.W.2d 458 (Tex.Crim.App.1979); *Joseph v. State*, 681 S.W.2d 738 (Tex.App.—Houston [14th Dist.] 1984, no pet.).

Although the victims testified that appellant was holding a "pistol" at the time of the offense, it is uncontroverted that "the pistol" is a toy gun. This toy is not manifestly designed to inflict death or serious bodily injury, nor in the manner of its use is it capable of causing death or serious bodily injury. Although this toy gun may look very realistic, its appearance does not make it a deadly weapon.

We are aware of the holding of the Court of Criminal Appeals in *Mattias v. State*, 731 S.W.2d 936 (Tex.Crim. App.1987) (not yet reported), to the effect that a purported findings of fact by a trial judge in a criminal case is not authorized and, thus, cannot be considered by an appellate court in order to reverse a judgment of conviction if the purported findings conflict with the judgment. However, in the case before us the "finding" is specifically authorized by art. 42.12, § 3g(a)(2) of the Code of Criminal Procedure.

We conclude that the trial court's finding as to deadly weapon was erroneous, and sustain appellant's point of error. Accordingly, this judgment is reformed by deleting from it the following: "and the Court having found that the Defendant, Eduardo Pena Cortez, used and exhibited a deadly weapon during the commission of this offense and that the deadly weapon used by and exhibited by the Defendant was a firearm, this affirmative finding is made a part of the judgment of the court in accordance with the provisions of Article 42.12 Sec.

3f(a)(2) Code of Criminal Procedure of the State of Texas."

As REFORMED, the judgment is AFFIRMED.