GEORGE JUNIOR McINTYRE, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 18728

November 22, 1988

764 P.2d 482

*Morgan D. Harris*, Public Defender, *Thomas W. Rigsby*, Deputy Public Defender, Clark County, for Appellant.

*Brian McKay*, Attorney General, Carson City; *Rex A. Bell*, District Attorney, *James Tufteland*, Deputy District Attorney and *Christopher Blair*, Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On seven separate occasions between December 10, 1986, and

---

[8]The Honorable E. M. Gunderson, Chief Justice, did not participate in the decision of this appeal.

February 12, 1987, someone wearing a mask, goggles, and gloves robbed various Las Vegas bars. In each of these early morning robberies, the perpetrator handed a yellow and white striped pillowcase to the bartender and demanded that the bartender fill the bag with money from the cash register and coins from under the counter. In six of the seven incidents, the robber used what appeared to be a machine gun.

On March 3, 1987, police arrested the appellant, George Junior McIntyre. At the time of his arrest he possessed two blue athletic bags which contained, among other things, a ski mask, goggles, gloves, a yellow and white striped pillowcase, and a plastic toy machine gun.

McIntyre was charged with the seven bar robberies. During the trial, witnesses from each of the robberies identified one or more of the articles from McIntyre's bags as something the robber used when committing the crimes. Witnesses from three of the robberies specifically identified McIntyre's toy gun as the robber's weapon.

A jury convicted McIntyre on seven counts of burglary, six counts of robbery with the use of a deadly weapon, and one count of robbery without the use of a deadly weapon. The court, thereafter, sentenced McIntyre to ten years in prison for each of the burglary convictions and fifteen years for each of the robbery convictions. The court added a consecutive fifteen year sentence, in accordance with NRS 193.165, to each of the robbery convictions in which the jury found McIntyre used a deadly weapon.

The question before us on appeal is whether a toy gun, absent proof of deadly capabilities, can support an enhanced sentence for the commission of a crime "with use of a deadly weapon." We hold that it cannot.

NRS 193.165 requires that a criminal's sentence be enhanced when he or she "uses a firearm or other deadly weapon . . . in the commission of a crime."[1] We have previously determined that in statutorily distinguishing firearms from "other deadly weapons," the legislature, for purposes of sentence enhancement, attributed to firearms a *per se* deadly status; proof of a firearm's deadly capabilities is not required. Stalley v. State, 91 Nev. 671, 541 P.2d 658 (1975). We have applied this rationale in cases involving blank guns, Anderson v. State, 96 Nev. 633, 614 P.2d 540

---

[1]The complete statute reads:

Any person who uses a firearm or other deadly weapon or a weapon containing or capable of emitting tear gas, whether or not its possession is permitted by NRS 202.375, in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime.

(1980), and firearms which are, in fact, inoperable. Allen v. State, 96 Nev. 334, 609 P.2d 321 (1980).

However, because McIntyre's toy gun is not a firearm,[2] it does not partake of a firearm's *per se* deadly status. Proof of a toy gun's actual deadly capabilities is necessary before NRS 193.165 can apply. In this case, no evidence suggests that McIntyre could have used his toy gun as a bludgeon or in some other way to inflict death or great bodily harm, prospects that the enhancement provision was designed to deter. Absent such evidence, the enhanced sentences for use of a deadly weapon cannot stand. *See* People v. Skelton, 414 N.E.2d 455, 458 (Ill. 1980); State v. Allen, 343 S.E.2d 893 (N.C. 1986); Pena Cortez v. State, 732 S.W.2d 713 (Texas 1987).[3]

Although the evidence at trial was insufficient to show McIntyre used a deadly weapon, after reviewing the record we are satisfied that the evidence was more than sufficient to convince a reasonable jury, beyond a reasonable doubt, that McIntyre committed the underlying burglaries and robberies. *See* Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980). We have considered McIntyre's remaining contentions and conclude that they are without merit.

We affirm each of the burglary and robbery convictions. However, because the weapon McIntyre used when committing the crimes was a toy gun with no deadly capabilities, we vacate the six enhancement sentences and order stricken the "with use of a deadly weapon" language from the robbery convictions in which it appears.[4]

---

[2] "'Firearm' means any weapon with a caliber of .177 inches or greater from which a projectile may be propelled by means of explosive, spring, gas, air or other force." NRS 202.253.

[3] Some jurisdictions base their findings of a weapon's deadliness on a victim's subjective perception of the weapon at the time of the crime. However, these jurisdictions have statutes which, unlike Nevada's, allow sentence enhancement when a criminal uses "what *appears* to be a deadly weapon." *See, e.g.,* State v. Smallwood, 346 A.2d 164, 166 (Del. 1975); Wickman v. State, 693 S.W.2d 862 (Mo.Ct.App. 1985).

[4] THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this appeal.