MARK A. MANNING, Appellant, v. THE STATE OF NEVADA, RESPONDENT.

No. 21436

May 9, 1991                     810 P.2d 1216

---

*Nathaniel J. Reed* and *Norman Reed*, Las Vegas, for Appellant.

*Frankie Sue Del Papa*, Attorney General, Carson City; *Rex Bell*, District Attorney and *James Tufteland*, Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ROSE, J.:

On May 24, 1988, appellant was convicted, pursuant to a guilty plea, of two counts of robbery with use of a deadly weapon. Appellant was sentenced to two concurrent terms of fifteen years in the Nevada State Prison for each robbery conviction, plus consecutive terms of fifteen years for each use of a deadly weapon.

On March 28, 1989, appellant filed in the district court a proper person petition for post-conviction relief. On April 13, 1989, the district court issued an order dismissing appellant's petition. Appellant appealed to this court. On November 22, 1989, we issued an order of remand vacating the district court's order.

On March 16, 1990, appellant filed in the district court a second petition for post-conviction relief. Following an evidentiary hearing, on May 9, 1990, the district court issued its findings of fact, conclusions of law, and order denying post-conviction relief. This appeal followed.[1]

Appellant contends that the toy BB gun he used in commission of the crimes had no deadly capabilities, nor could it have been used in any manner to inflict death or great bodily harm. Therefore, appellant contends his enhanced sentences cannot stand because the BB gun was not a "deadly weapon." We disagree.

---

[1]Although the notice of appeal states that the appeal is from the judgment of conviction, it is apparent that the appeal is taken from the district court's order of May 9, 1990, denying appellant's second petition for post-conviction relief. Therefore, we have treated this as a timely appeal from the order denying appellant's second petition for post-conviction relief.

Pursuant to NRS 193.165(1), "[a]ny person who uses a firearm or other deadly weapon . . . in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime." NRS 202.253 defines "firearm" as "any weapon with a caliber of .177 inches or greater from which a projectile may be propelled by means of explosive, spring, gas, air or other force." In this case, defense counsel stipulated that the caliber of the BB gun was .177 inches. A BB gun propels projectiles by means of force. The statutory language is unambiguous and the BB gun used by appellant fits squarely within the definition of "firearm." Firearms are afforded *per se* deadly status. *See* Bias v. State, 105 Nev. 869, 784 P.2d 963 (1989); McIntyre v. State, 104 Nev. 622, 764 P.2d 482 (1988). It was therefore unnecessary for the state to establish whether the BB gun used by appellant had deadly capabilities. Accordingly, appellant's sentences were properly enhanced pursuant to NRS 193.165(1). We therefore affirm the order of the district court denying appellant's second petition for post-conviction relief.

MOWBRAY, C. J., STEFFEN and YOUNG, JJ., concur.

SPRINGER, J., dissenting:

The statute prohibits use of a "firearm or *other* deadly weapon." To me, the use of the word "other" means that "firearm" is a member of the class, "deadly weapon." The toy BB gun used by Manning was not, all agree, a "deadly weapon"; therefore Manning did not use a "firearm or other deadly weapon."

Under the majority opinion all kinds of licorice and other confectionery "firearms" would fall into the statutory definition of "firearm or other deadly weapon," provided only that the cork-on-a-string or gum ball "projectile" pops out of the toy by way of an aperture of over .177 inches in diameter. The legislature has added fifteen years to the penalty of a criminal who uses a deadly weapon in the commission of a crime. The legislature may choose to add the same penalty for one who uses a toy gun in the commission of a crime, but it has not as yet done so. It is not the province of this court to make such a substantial change in the criminal law as this.