NO. 07-01-0142-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 9, 2002

_____

PETER VALDEZ KERCADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;

NO. 833144; HONORABLE SAM ROBERTSON, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Upon a plea of not guilty, appellant Peter Valdez Kercado was convicted by a jury of aggravated robbery and punishment was assessed at eight years confinement. Presenting four issues, appellant contends the evidence is 1) legally and 2) factually insufficient to support use or exhibition of a deadly weapon, and also contends that the

evidence is 3) legally and 4) factually insufficient to support his aggravated robbery conviction. Based upon the rationale expressed herein we affirm.

The victim testified that he returned home from work on January 6, 2000, and while he was looking for a parking space, he observed a male attempting to gain entry to a vehicle in the parking lot of the apartment complex. He also saw a second male, a companion to the first, sitting in the driver's seat of a red vehicle parked immediately adjacent. The two men took notice of him, then apparently departed together in the red vehicle. Under the impression the two men were burglarizing vehicles, the victim proceeded to park his own in a well-lit area and gather any valuables as a precautionary measure. While still in his vehicle, he was approached by these same two men, one of whom was later identified as appellant. Appellant identified himself to the victim as a police officer, exhibited a "star-like" badge, and approached the driver-side window, while his accomplice remained at the rear of the vehicle. When the victim indicated disbelief in appellant's ruse, he was pulled from the vehicle and robbed at gun point.

There was conflicting testimony about whether appellant or only his accomplice exhibited a firearm. A witness, who placed an emergency-response call, observed the incident from his nearby apartment window and testified that both men had firearms. The victim testified that only appellant's accomplice pointed the gun at him and ordered him to

leave the area immediately after appellant finished ransacking his vehicle. Emergency response was rapid, and the responding officers obtained a license plate from a red vehicle departing the complex as they arrived. The vehicle was registered to appellant's wife, and led to his positive identification by the victim. Appellant was arrested and indicted for aggravated robbery and was tried and found guilty by a jury. His accomplice was never identified.

By his first two issues, appellant asserts the evidence is legally and factually insufficient to prove use or exhibition of a deadly weapon. We disagree. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2002); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit

as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finders determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of property, he knowingly or intentionally threatens or places another in fear of imminent bodily injury or death. TEX. PEN. CODE ANN. § 29.02 (Vernon 1994). A person commits aggravated robbery if he uses or exhibits a deadly weapon in the course of a robbery. TEX. PEN. CODE ANN. § 29.03 (Vernon 1994). A firearm is a

4

deadly weapon per se under section 1.07(a)(11)(A) of the Texas Penal Code. Gomez v. State, 685 S.W.2d 333, 336 (Tex.Cr.App.1985). The indictment alleged appellant used and exhibited a deadly weapon, namely a firearm, during the robbery. The State, therefore, had to prove appellant used or exhibited a firearm.

Appellant contends the evidence was insufficient because the State neither entered into evidence nor linked any firearm to him directly. He contends the State presented no demonstrative evidence to aid the fact finder in identifying the particular firearm used, and that no testimony was given to prove that the firearm used was in fact capable of inflicting serious bodily injury or death. Appellant further argues there is no evidence to show he was aware of an unidentified accomplice's use or exhibition of a firearm. The evidence presented to the jury regarding the firearm used in this robbery consisted of the following testimony of the victim on direct examination:

> Q. When you got out of the car, did you do what he told you, to put your hands on the car?
> A. Yes.
> Q. Why did you do that if you did not think he was the police?
> A. Because the other individual had a gun.
> Q. The one who was standing by the rear of your car?
> A. The one that was over here.
>
> * * *
>
> Q. Was it the one who was standing by the rear of your car?
> A. The one that had the gun.

5

Q.  Is that the one who was at the rear of the car?

A.  Yes, he was the one that had the gun.

* * *

Q.  He held his gun in his hand?

A.  Yes, sir.  He took it out and he did like this to me.

Q.  When you say, he did like this, what do you mean, he did like this to you?

A.  Yes.  He pointed at me so that I would not put up any resistance.

Q.  What part of your body did he point the gun to?

A.  Towards the head.

Q.  How close did the gun get to your head?

A.  About two meter and-a-half, two meters and-a-half.

The witness who observed the incident testified about observing a firearm:

Q.  You parked your car there so you could keep an eye on your car?

A.  Right.

Q.  Okay.  You said you saw a gun.  What type of a gun did it look like to you?

A.  Well, to me it was like a revolver, a .38 or something, .380, something.

Introducing the weapon in evidence assists the jury, but the jury may determine the weapon was capable of causing death or serious bodily injury even if it is not in evidence. Charleston v. State, 33 S.W.3d 96, 100 (Tex.App.–Texarkana 2000, pet. ref'd).  While demonstrative evidence might have been useful in assisting the fact finder, appellant cites

6

no authority indicating that it was required. On the contrary, the Court of Criminal Appeals has held that testimony using any of the terms "gun, pistol or revolver" is sufficient to authorize the jury to find that a deadly weapon was used. Wright v. State, 591 S.W.2d 458, 459 (Tex.Cr.App. 1979). Some courts, noting that in the cases which equate "pistol" with "deadly weapon," the "pistol" used or exhibited comports to the Texas Penal Code deadly weapon definition, have declined to extend the *Wright* holding. *See* Pena Cortez v. State, 732 S.W.2d 713, 715 (Tex.App.–Corpus Christi 1987, no pet.). However, *Pena Cortez* is distinguishable because in that case the "pistol" referred to at trial proved in fact to be a toy gun.

Here, witness testimony was positive and direct with respect to the firearm. In addition, words spoken by the accused during the commission of the offense may be considered in determining whether a weapon is a deadly one. *See* English v. State, 647 S.W.2d 667, 669 (Tex.Cr.App. 1983). The victim testified that appellant's accomplice pointed the firearm at him and threatened to kill him if he did not leave immediately after the robbery.

The charge included an instruction on the law of parties. TEX. PEN. CODE ANN. § 7.01 (Vernon 1994); Ransom v. State, 920 S.W.2d 288, 302 (Tex.Cr.App. 1994), *cert. denied*, 519 U.S. 1030, 117 S.Ct. 587, 136 L.Ed.2d 516 (1996). Thus, the State was not required to prove that appellant actually used or exhibited the gun. The evidence is sufficient where, as here, it shows that a firearm was used or exhibited by a party to the

7

crime. After viewing the evidence in the light most favorable to the prosecution, the jury could have found beyond a reasonable doubt a firearm was used or exhibited during the commission of this robbery. Further, in light of the evidence as a whole, the finding of use or exhibition of a firearm was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Thus the evidence is both legally and factually sufficient to support use or exhibition of a deadly weapon. Issues one and two are overruled.

By his third and fourth issues, appellant asserts that because the evidence does not support use or exhibition of a deadly weapon, the evidence is also legally and factually insufficient to support his conviction for the offense of aggravated robbery. However, because we have found the evidence is legally and factually sufficient to support use or exhibition of a deadly weapon, the aggravated robbery conviction is likewise supported. Issues three and four are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

8