# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARVIN MILLER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74161

**FILED**

FEB 2 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted robbery with use of a deadly weapon, victim is an older person; three counts of robbery with use of a deadly weapon; battery with use of a deadly weapon, victim 60 years or older; two counts of battery with use of a deadly weapon; two counts of assault with use of a deadly weapon; and two counts of grand larceny. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

Appellant Marvin Miller first argues that two of the victims' out-of-court identifications from a photographic lineup should have been suppressed because the process the detective used was inherently suggestive. In reviewing a claim that a pretrial identification was unnecessarily suggestive we consider "(1) whether the procedure [was] unnecessarily suggestive and (2) if so, whether, under all the circumstances, the identification [was] reliable despite an unnecessarily suggestive identification procedure." *Bias v. State*, 105 Nev. 869, 871, 784 P.2d 963, 964 (1989). On appeal, we review the district court's findings of fact for

SUPREME COURT
OF
NEVAOA

(O) 1947A

19-07804

clear error and the legal consequences of those facts de novo. *State v. Beckman*, 129 Nev. 481, 486, 305 P.3d 912, 916 (2013).

Miller asserts that suppression was warranted because the victims were shown an additional single picture of him either during the presentation of the six-pack photographic lineup or once the detective realized the victims were struggling to positively identify Miller.[1] Although the district court did not enter a written order, the minutes for the hearing on the motion indicate that the district court made oral findings to support its decision. Miller, however, has not provided this court with a transcript of that hearing, as required by this court's rules. *See* NRAP 30(b)(3) (providing that appellant must provide any portion of the record "essential to determination of issues raised in appellant's appeal"). We therefore must presume that the missing portion of the record supports the conclusion that suppression was not warranted. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (stating that it is the appellant's responsibility to make an adequate appellate record and, "[w]hen an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision").

Also, even assuming that the identification procedure was unnecessarily suggestive, the record demonstrates that the identifications were nonetheless sufficiently reliable as they were conducted within a few

---

[1]The record does not support Miller's argument that the detective showed the victims a single picture of Miller *before* showing them the six-pack lineup and, therefore, no relief is warranted based on that argument.

days of the crimes and the victims testified to being in close proximity to Miller during the robberies such that they recognized several of his facial features. *See Bias*, 105 Nev. at 872, 784 P.2d at 965; *see also Manson v. Brathwaite*, 432 U.S. 98, 114 (1977) (providing a list of indicia of reliability). Under these circumstances, we perceive no error in the district court's denial of Miller's motion to suppress.[2] *See Taylor v. State*, 132 Nev. 309, 320, 371 P.3d 1036, 1044 (2016) ("As long as the identification is sufficiently reliable, it is for the jury to weigh the evidence and assess the credibility of the eyewitnesses." (internal quotation marks omitted)).

We also perceive no plain error in the district court's admission of other in-court identifications made by witnesses during trial, which Miller challenges for the first time on appeal. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (recognizing that unobjected-to errors are subject to plain error review). Although these identifications followed the pretrial photographic lineups, the record shows no impermissible suggestiveness from those identifications that would "give rise to a very substantial likelihood of irreparable misidentifications." *Coats v. State*, 98 Nev. 179, 181, 643 P.2d 1225, 1226 (1982) (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)) (providing the grounds for setting aside

---

[2]Additionally, even if the identifications were not reliable, the State presented ample other evidence of Miller's guilt, including video footage and modus operandi evidence, such that any error in denying the motion to suppress would be harmless.

SUPREME COURT
OF
NEVADA

(O) 1947A

convictions based on eyewitness identifications made at trial following pretrial photographic identifications). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____ Pickering _____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Tierra Danielle Jones, District Judge
Law Offices of Carl E.G. Arnold
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]We need not address Miller's remaining arguments regarding witness identifications and prosecutorial misconduct because those arguments were neither cogently argued nor supported by any legal authority. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").