141 Nev., Advance Opinion 39

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JENNIFER L. SCHWARTZ, DISTRICT
JUDGE,
Respondents,
  and
JOVAHN BANKHEAD,
Real Party in Interest.

No. 90113



FILED

AUG 21 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a jury instruction on assault with a deadly weapon in a criminal trial.

*Petition granted.*

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and John Afshar, Chief Deputy District Attorney, Clark County, for Petitioner.

Nancy L. Lemcke, Public Defender, and Nicole A. Weis, Deputy Public Defender, Clark County,
for Real Party in Interest.

25-36805

BEFORE THE SUPREME COURT, PARRAGUIRRE, BELL, and STIGLICH, JJ.

*OPINION*

PER CURIAM:

While presiding over a charge of assault with a deadly weapon, the district court approved a jury instruction requiring the State to show that, at the time of the offense, the defendant had the present ability to use the subject weapon, a firearm. Thus, under the instruction, the State has to prove that the firearm was both loaded and operable. The State petitioned this court for writ relief, arguing that, under the current statutory definition of assault with a deadly weapon, it is not required to prove a present ability to injure or that the gun was loaded and operable, such that the jury instruction is legally incorrect. Because the pertinent statute, NRS 200.471, no longer requires a present ability to physically injure another but rather describes assault as either an unlawful attempt to use physical force against another person or the intentional placement of another person in reasonable apprehension of immediate bodily harm, we agree that the jury instruction is incomplete and misleading. Accordingly, we grant writ relief.

*FACTS AND PROCEDURAL HISTORY*

As relevant here, real party in interest Jovahn Bankhead is on trial for assault with a deadly weapon under NRS 200.471(1)(a) based on allegations that he approached another person's residence, pointed a firearm at the person, and told the person to come outside. Specifically, the information charges that Bankhead "did willfully, unlawfully, feloniously and intentionally place another person, in reasonable apprehension of immediate bodily harm and/or did willfully and unlawfully attempt to use

physical force against another person . . . with use of a deadly weapon, a firearm, by brandishing the firearm in a threatening manner." While settling jury instructions, upon Bankhead's request and over the State's objection, the district court agreed to provide jury instruction 18, which requires the State to show that Bankhead had a present ability to use a weapon, including that the weapon was loaded and operable, reading as follows:

> For Assault with a Deadly Weapon, the State must prove beyond a reasonable doubt the Defendant had the present ability to use a weapon, and that the weapon was both loaded and operable.

> If you find that the State did not prove beyond a reasonable doubt that that Defendant had the present ability to use a weapon, and that the weapon was both loaded and operable, then you must find the Defendant not guilty of Assault with use of a Deadly Weapon.

Disagreeing with the decision, the State then filed this emergency petition for a writ of mandamus or prohibition challenging this instruction as an inaccurate statement of current law. Bankhead filed an answer, as directed, and the State filed a reply. Because the trial's ongoing status created urgency, we granted the petition for a writ of mandamus in an order filed on March 6, 2025, explaining that this published opinion would follow at a later date.[1] *State v. Eighth Jud. Dist. Ct. (Bankhead)*, No. 90113, 2025 WL 727891, at *1 (Nev. Mar. 6, 2025) (Order Granting Petition for Writ of Mandamus); *cf. State v. Robles-Nieves*, 129 Nev. 537, 540 n.1, 306 P.3d 399, 402 n.1 (2013).

---

[1]The writ of mandamus issued on March 6, 2025, and was returned on March 19, 2025.

*DISCUSSION*

A writ of mandamus may issue to correct a manifest abuse of or an arbitrary or capricious exercise of discretion, when petitioner has no adequate and speedy remedy at law.[2] NRS 34.160; NRS 34.170; *Radonski,* 136 Nev. at 194, 462 P.3d at 674 (citing *State v. Second Jud. Dist. Ct. (Garcia),* 108 Nev. 1030, 1034, 842 P.2d 733, 735-36 (1992)); *see also Archon Corp. v. Eighth Jud. Dist. Ct.,* 133 Nev. 816, 819-20, 407 P.3d 702, 706 (2017) (recognizing that mandamus relief also may be warranted when the district court has committed clear legal error). Under the circumstances, the State has no adequate remedy at law, and this matter is properly before us on writ petition. *Radonski,* 136 Nev. at 194, 462 P.3d at 674. While settling jury instructions is within the district court's discretion, whether a jury instruction accurately states the law is subject to this court's de novo review. *Berry v. State,* 125 Nev. 265, 273, 212 P.3d 1085, 1091 (2009), *abrogated on other grounds by State v. Castaneda,* 126 Nev. 478, 245 P.3d 550 (2010).

*Jury instruction 18*

Jury instruction 18 is based on the 1977 case *Loretta v. Sheriff,* in which this court recognized that, to show probable cause for assault with a deadly weapon, the State must "submit evidence of [the defendant's] 'present ability' to use a 'loaded' weapon." 93 Nev. 344, 345, 565 P.2d 1008, 1009 (1977) (citing *State v. Napper,* 6 Nev. 451, 452-53 (1870)). As the State

---

[2]The State properly seeks mandamus, rather than prohibition, in this instance. *State v. Second Jud. Dist. Ct. (Radonski),* 136 Nev. 191, 194 n.1, 462 P.3d 671, 673 n.1 (2020). Thus, we do not further consider the State's request for a writ of prohibition.




argues, however, the assault statute, NRS 200.471, has changed significantly since 1977, such that *Loretta* no longer applies.

When *Loretta* was decided, NRS 200.471 defined assault as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." 1971 Nev. Stat., ch. 612, § 2, at 1384. Thus, a "[m]ere menace" or threat to injure was insufficient; instead, the State had to show "an effort to carry the intention into execution." *Wilkerson v. State*, 87 Nev. 123, 126, 482 P.2d 314, 316 (1971). These requirements, in turn, meant that, when a firearm was used as the deadly weapon, the State had to show that the defendant could actually use the firearm to injure the victim—that the firearm was both loaded and operable.[3] *Napper*, 6 Nev. at 452, 453 (recognizing that a deadly weapon for assault purposes is a "weapon deadly either in its nature, or capable of being used in a deadly manner," and that to show "both the ability and intention to assault [with a deadly weapon]," the State must show that the deadly weapon—in this case, a pistol—was loaded and operable).

As relevant here, the legislature significantly amended NRS 200.471 in 2001, making minor changes after that. The statute today defines assault as "(1) Unlawfully attempting to use physical force against another person; or (2) Intentionally placing another person in reasonable apprehension of immediate bodily harm." NRS 200.471(1)(a); *see* 2001 Nev. Stat., ch. 216, § 1, at 986 (redefining assault under what is now NRS 200.471(1)(a)(2)). The amendment in 2001 was intended to, and did, remove the requirement that the defendant have a "present ability" and intent to

---

[3]These cases do not involve a situation where a firearm was used in circumstances suggesting some other means of harm, such as to inflict a blunt force injury.

injure another. Hearing on A.B. 344 Before the S. Judiciary Comm., 71st Leg. (Nev., May 3, 2001) ("[T]he current law does not take into account the intent to cause fear; Assembly Bill 344 attempts to close this loophole by including new, additional language . . . ." (statement of Assemblyperson and bill sponsor Bonnie Parnell)); *see generally People v. Lattin*, 328 Cal. Rptr. 3d 241, 255 (Ct. App. 2024) (describing the historical split between states that require a present ability to commit a battery and those that, like the civil tort of assault, require only an intent to frighten and not the present ability to batter), *review denied* (Mar. 19, 2025). Thus, as the statute currently stands, under subsection 1(a)(2), a mere fear of immediate injury, intentionally caused by the defendant and reasonably believed by the victim, is enough.

Bankhead counters that, under either version of the statute, a firearm is not a deadly weapon unless it is loaded and operable. This is so, he contends, because both versions of NRS 200.471 provide for greater punishment "[i]f the assault is made with the use of a deadly weapon or the present ability to use a deadly weapon." NRS 200.471(2)(b); *see* 1971 Nev. Stat., ch. 612, § 2, at 1385. Bankhead thus reasons that even under an intent-to-frighten theory of culpability, the State must prove that he had the present ability to use a loaded firearm, as set forth in *Loretta*, or at least that the weapon had deadly capabilities, citing *McIntyre v. State*, 104 Nev. 622, 624, 764 P.2d 482, 483 (1988).

But NRS 200.471(2)(b) refers to the use of a deadly weapon in committing the assault and thus must be read in light of the definition of assault. In other words, the State must show that the defendant used a deadly weapon to unlawfully attempt to use physical force against another

or to intentionally place another in fear of harm. Neither of these uses necessarily requires that the weapon be loaded and operable.

As discussed above, *Loretta*'s loaded-and-operable holding was based on the definition of assault at the time and no longer applies. And Bankhead mischaracterizes *McIntyre*, which merely recognized that, under NRS 193.165 (governing penalty enhancements for use of a firearm or other deadly weapon in the commission of a crime), "proof of a firearm's deadly capabilities is not required," *id.* at 623, 764 P.2d at 483, but where a weapon other than a firearm is used, such proof may be required, *id.* at 624, 764 P.2d at 483.[4] Thus, we conclude that the "loaded and operable" language of the jury instruction is legally inaccurate.

## CONCLUSION

Assault with a deadly weapon requires the use of a deadly weapon or the present ability to use a deadly weapon to unlawfully attempt to use physical force against another or to intentionally place another in reasonable apprehension of immediate bodily harm; no present ability or intent *to injure* is necessarily required. Consequently, caselaw requiring that a firearm be loaded and operable to prove a present ability and intent to injure no longer applies. Thus, jury instruction 18 is inaccurate as a matter of law. It is incomplete, as it requires a "present ability to use a weapon" even though actual use is sufficient. Moreover, it is misleading because it requires that the "weapon was both loaded and operable," neither of which are required by the current version of NRS 200.471. Accordingly, we grant the petition and direct the clerk of this court to issue a writ of

---

[4]The jury instruction on what constitutes a deadly weapon is not before this court at this time.

mandamus instructing the district court to vacate its order approving the use of jury instruction 18 at trial.

_____, J.
Parraguirre

_____, J.
Bell

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A